CHARLES P. WILLIAMS & another *vs.* ABIGAIL WILLIAMS.

Under *St.* 1838, *c.* 145, the probate court may grant an allowance to a widow out of the
personal estate of her deceased husband, although a provision has been made for her by
will in lieu of dower and accepted by her, and although the executor, being also residu-
ary legatee, has given bond as such to pay debts and legacies.

APPEAL by the executors and residuary legatees under the
will of Ebenezer Williams, from a decree of the probate court,
granting an allowance to his widow, who had accepted, by writ-
ing filed in the probate office, the provision made for her in the
will in lieu of dower, before the appellants gave bond to pay
debts and legacies.

*C. I. Reed,* for the appellant. The whole power of the pro-
bate court to grant allowances to widows is derived from *St.*
1838, *c.* 145. *Hale* v. *Hale,* 1 Gray, 521. Taking the whole
statute together, and in connection with other statutes of the
Commonwealth, the authority of the probate court to apply the

estate to the payment of such an allowance, (which is not a debt,) is confined to cases in which an inventory is required by law to be returned. Rev. Sts. *c.* 62, § 1; *c.* 63, §§ 3, 4. *Jones* v. *Richardson,* 5 Met. 247. The appellants were not bound to return an inventory, and they assumed the trust, and gave bond to pay debts and legacies only, after the appellee had filed her approval of the will.

*J. Daggett & E. H. Bennett,* for the appellee.

THOMAS, J. The question is as to the authority of the court of probate to make this allowance. This depends upon the *St.* of 1838, *c.* 145, the second section of which is thus : " Such part of the personal estate of any person deceased, as the judge of probate, having due regard to all the circumstances of the case, may see fit to allow for necessaries to his widow, for the use of herself and family under her care, if any, and also such provisions and other articles as shall be necessary for the reasonable sustenance of the family of any person deceased for forty days after his death, shall not be deemed and taken as assets to be applied to the payment of debts, legacies, or charges of administration ; but the same shall be allowed in the account of administration, in discharge of so much of the inventory of the estate, when the same is contained therein, although it should thereby become necessary to sell real estate for the payment of debts, legacies, or charges of administration, and although the estate may be insolvent."

The power is not limited to intestate estates. It is given in all cases—whether there is a will or not, whether the widow waives the provisions of the will or not, whether there is a residuary clause or not—provided there are personal assets from which the allowance can be made. The allowance for necessaries for the widow, for the use of herself and the family under her care, and that of sustenance of the family of the deceased for forty days after his death, are put on the same ground.

The construction of the statute, claimed by the appellants, would put it in the power of a testator to deprive his widow of all benefit from the beneficent provisions of the statute, simply by making a residuary legatee. *Decree affirmed.*