Graves, J.:
A proceeding was pending in the probate court of Wayne *county for the settlement of the administration account of William Hull, administrator de bonis non of the estate of John Hull, deceased. Two of the heirs-at-law were minors, but over fourteen years of age.
The judge of probate, of his own accord, and without calling in these heirs to nominate, and without notice to them of the particular proceeding, appointed C. I. Walker, Esq., to be their guardian ad litem in the business of such settlement in the probate court. Judge Walker accepted the appointment and proceeded to act.
Some time afterwards the heirs applied to the judge of probate to appoint John Hull as their guardian ad litem, and he refused on the ground that Judge Walker was already guardian ad litem for them.
Mrs. Helen M. Hull, their mother, then took steps to appeal from this action of the judge of probate to the circuit court. She also took steps to appeal from the appointment of Judge Walker.
The circuit court entered an order annulling the appointment of Judge Walker, .and another order reversing the refusal of the probate court to appoint John Hull. This action of the circuit court has been brought up by certiorari, and we are asked to review the proceedings.
The hearing elicited a learned and elaborate discussion, but the conclusion we have felt compelled to reach, reduces the matter to a single point, and requires but a few words.
On looking at the jurisdiction of the probate court and its requirements in the settlement of estates, no one can help seeing that no hindrances not essentially and substantially material to right and justice ought to exist to impede proceedings. Nothing could be more contrary to the proper office of the *463 court and the ends it is expected to accomplish than the accumulation of needless obstacles to the speedy dispatch of the business confided to it, and the multiplication of niceties and technicalities in its procedure.
For the same reasons we ought to scrutinize with care *the occasions taken for staying its hand through appeals from interlocutory and collateral acts.
The statute giving right to appeal is certainly very broad, in its terms, but there must be some limit. It cannot be that a right of appeal was meant to be conferred against every thing within the literal terms. To conclude otherwise would amount to an acknowedgement that the law authorized proceedings fundamentally at variance with the policy and spirit of the jurisdiction. There must be many specific steps, incidental and otherwise, which the probate judge may take in the exercise of his jurisdiction, and within the literal sense of the general provision allowing appeals, which cannot be rightly appealed against. It is incredible that a right of appeal was intended against every act of adjournment, every order of publication, every appointment of a commissioner or an appraiser, and every ruling on evidence, and the like.
Passing from these general remarks, we come to the question: Were the proceedings before us of the probate judge appealable ?
The main business was the settlement of the administrator’s account, and the appointment of guardian ad litem, for the minors was merely incidental. It was not an act in the settlement, but one preparatory to going into the investigation, and which the judge deemed necessary for the minors’ protection, and for the security of the just rights of all persons interested in the estate. Prompt action is often needful, and may have been so here. Delay might cause, as it does frequently, great loss or mischief, and the duty of the guardian ad litem, would have to be performed under the watchful eye of the judge, and could not go beyond the matter in hand. There would be right of appeal from the settlement to the circuit court, and that court would have power to correct all errors. It would be able to see that justice was done, and if necessary, could *464 appoint a new guardian ad litem. The nature of the thing is ^strongly against an appeal from the appointment. If the appeal made here was lawful, then an appeal may be taken by some body against every appointment, and a stay of the main proceedings be obtained thereby. The consequence must be ruinous delays, without any thing better to excuse them than an absurd right of appeal.
•A pretty thorough search has failed to disclose a single case of such an appeal, and as we know there must have been innumerable instances in which such action would have been taken if it had been considered allowable, the complete absence of- precedents is not without its weight as evidence against it.
On the whole, we think there was no right of appeal to the circuit court against the appointment of guardian ad litem, and that the orders of the circuit court were unauthorized, and must be set aside.
The other justices concurred.