LUCINDA MOORE v. GEORGE W. MOORE.

*Allowance for support pending settlement of decedent's estate.*

Comp. L. § 4350 authorizes the probate court to make a reasonable allowance for the support of a testator's widow and minor children while the estate is being settled. *Held*, that such allowance may be proper where there are no children and the widow has a legacy.

Whether a probate order making an allowance for the support of a testator's family pending the settlement of his estate, is appealable—Q.

Error to Washtenaw. Submitted Apr. 18. Decided Apr. 25.

APPEAL by an heir from a probate order allowing support to testator's widow. The widow brings error. Reversed.

*Sawyer & Knowlton* for claimant appellant. An allowance for the widow's temporary support is a part of the expenses of administration: *Williams v. Williams* 5 Gray 24; *Foster v. Foster* 36 N. H. 437; *Meech v. Weston* 33 Vt. 561; and it is not precluded by the fact that she has a legacy: *Collier v. Collier* 3 Ohio St. 376; *Miller v. Stepper* 32 Mich. 202.

*E. D. Kinne* for contestant appellee.

CAMPBELL, J. In this case the probate court for the county of Washtenaw made an allowance for the support of the widow of a deceased testator pending the settlement of his estate, she being the only person properly to be deemed as his family. The circuit court held she was not entitled to any such support, because she had provision made by the will.

The estate was a considerable one, with several thousand dollars in personalty as well as lands, and the only bequest to the wife was in these words: "After the payment of all my debts, funeral expenses, and the expenses of the settlement of my estate, I give, devise and bequeath to my present wife, Lucinda Moore, her heirs and assigns, one-third of the remainder of my estate, both real and personal."

By section 4350 of the Compiled Laws the probate court is authorized to make such reasonable allowance as may be judged necessary for the expenses of maintenance of the widow and minor children during the settlement of the estate, but never for a longer period than until their shares are assigned to them.

This provision is as necessary where legacies are left as where they are not, and the statute was passed to avoid the

cruelty of leaving a family exposed to want during the interval of settlement. The statute is full and in no way doubtful, and the allowance was proper.

It is not clear to us that such an order is appealable. In *Walker v. Hull* 35 Mich. 488 it was suggested that there is a necessary limit to appeals, and that if an appeal will lie from the provisional and temporary arrangements which are designed to expedite or assist the settlement of estates, it might be difficult if not impossible to settle them at all within any reasonable time. The immediate object of this allowance is to provide sustenance for the family during the settlement of the estate, for the reason that the necessities of support will not allow the delay of such provisions, because they are immediate. If an appeal will lie from such an allowance, it may be delayed at the circuit and removed to this court, so as to keep the family helpless during the very time the statute attempts to supply their wants. It is a very serious question whether it was designed that this action of the probate court, within its lawful discretion, should be thus frustrated; and whatever remedy, if any, may exist to rectify any unlawful excess of authority in such matters, it is worthy of consideration whether it is in the shape of an appeal under the probate statutes.

The judgment of the circuit court must be reversed and that of the probate court affirmed, with costs against George W. Moore, the appellant.

MARSTON and COOLEY, JJ. concurred.