JOEL J. PERRIN, ADMINISTRATOR FOR HORACE J. PERRIN v.
THE JUDGE OF THE CIRCUIT COURT FOR CALHOUN COUNTY.

*Administration—Disclosure of partnership assets by executor—Inspection of
business books—Administrator's executor not ex officio vested with
administration.*

Comp. L. § 4408, in providing that any person interested in a decedent's
estate may bring before the judge of probate for examination any
one whom he suspects of possessing writings which tend to disclose
the interest of the deceased in any property, entitles an administra-
tor *de bonis non* to cite the executor of a previous administrator, to
produce the books of a partnership composed of the deceased and
the previous administrator. And the proceeding is not barred by
the pendency of a suit in equity for final relief.

A probate order under Comp. L. § 4408, requiring the respondent to
furnish such information as will enable an administrator to know the
condition and resources of his decedent's estate is merely ancillary to
such action as may be had in any court where such information is
needed; it is not a proceeding in a final accounting, and may be
issued against strangers to the record.

The representative of a deceased executor can be compelled by the pro-
bate court to give information to parties in interest, but such inquir-
ies should be so carried on as not to interfere needlessly with the
place of custody of business books in daily use, and the right of
access to them.

The executor of an administrator is not entitled *ex officio* to succeed his
intestate in his trust as administrator, but the trust is committed to
an administrator *de bonis non*. Comp. L. § 4375.

Certiorari.    Submitted June 9.    Decided Oct. 31.

*D. Darwin Hughes, Jr. Ashley Pond, Joseph A. Stull,*
and *D. Darwin Hughes* for plaintiff in certiorari.    Courts
of probate have only a limited jurisdiction, and can only
exercise it in accordance with statute:    Cheever's Probate
Law 19 ; *Farnsworth v. Oliphant* 19 Barb. 32 ; *Whorton v.
Moragne* 62 Ala. 201 ; and the statute does not authorize
them to compel the production of partnership·books, but
only to examine the person who has charge of them: *Wales
v. Newbould* 9 Mich. 87 ; the power to compel a party to

part with his possession of books and papers is extraordinary, and to be exercised with great caution: *Cummer v. Kent Circuit Judge* 38 Mich. 351; equity should be invoked where an accounting in the probate court is complicated by partnership affairs: *People v. Wayne Circ. Court* 11 Mich. 404; *Holbrook v. Campau* 22 Mich. 290; *Wheeler v. Arnold* 30 Mich. 304; *Pfeffer v. Steiner* 27 Mich. 537; *Heath v. Waters* 40 Mich. 457; *Merritt v. Dickey* 38 Mich. 45; the probate court has no power to compel an executor to settle the accounts of his decedent as administrator of a third person: Cheever's Prob. Law 196; Dayton on Surrogate 583; *Dakin v. Demmin* 6 Paige 95; 2 Williams on Ex. 1817.

*Wm H. Porter* and *Samuel T. Douglass* for respondent. The probate court having jurisdiction of " all matters relating to the settlement of the estates of deceased persons " (Comp. L. § 5197), can compel the administrator of an estate to account in respect to his intestate's administration, while living, of a different estate, the settlement of which is properly before the court: *Steen v. Steen* 25 Miss. 513; *Ray v. Doughty* 4 Blackf. 115; *Nowell v. Nowell* 2 Me. 75; *Storer v. Storer* 6 Mass. 390; *Custis v. Bailey* 1 Pick. 198; *Monroe v. Holmes* 9 Allen 244; *Gregg v. Gregg* 15 N. H. 190; *Gale v. Lutrell* 2 Eng. Ecc. 283 : 2 Addams' Ecc. R. 234; Cheev. Prob. Law 195 ; Gary's Prob. Law § 28; *Donaldson v. Raborg* 26 Md. 112; *Henderson v. Winchester* 31 Miss. 290; *Denson v. Denson* 33 Miss. 265; an executor's obligation to account in the probate court rests, on his decease, upon a personal representative : 1 Perry on Trusts § 344; the objection to the jurisdiction to compel an accounting by the administrator of a deceased executor, on the ground that he is not the representative of the original decedent has always been disregarded except in those States where, as in New York, the very limited terms in which probate jurisdiction was conferred, compelled the courts to give effect to it: *Dakin v. Demming* 6 Paige 95; *Montross v. Wheeler* 4 Lans. 99; *Farnsworth v. Oliphant* 19 Barb. 30 : 2 N. Y. Rev. Stat. 220; Redf. Sur. 10, 12; where an executor is also sur-

viving partner of his decedent, the share to which the latter's estate was entitled, on the winding up of the affairs of the partnership, was assets in his hands, to be accounted for as executor: *Forward v. Forward* 6 Allen 494; *Leland v. Newton* 102 Mass. 350; *Marre v. Ginochio* 2 Bradf. Sur. 165; *Woodruff's Estate* 1 Tuck. Sur. 1; *Woodruff v. Woodruff* 17 Abb. Pr. 165; 3 Redf. Wills 416; *Ensworth v. Curd* 68 Mo. 282; *Stouvenel's Estate* 1 Tuck. Sur. 241; and the administrator *de bonis non* of the estate in process of settlement has a right to inspect all books, papers and accounts tending to show the condition of that estate on the death of his decedent, and the executor's dealings therewith; and the obligation to produce them, rests after the executor's death upon the administrator: 2 Perry on Trusts §§ 821–2; Pars. Partnership 441–2, 228–9; Lindley on Part. 665–6; and the probate court, having jurisdiction to compel the administrator to account in respect to his decedent's administration of the estate, including his transactions as surviving partner, had power as incident to that jurisdiction, and for the purpose of its exercise, to make the order for the production of said books and papers: see Comp. L. § 4408; *Stouvenel's Estate* 1 Tuck. Sur. 241; *Woodruff's Estate* id. 1: 17 Abb. Pr. 165.

CAMPBELL. J.   The writ in this case brings up for review a decision of the Calhoun circuit court affirming an order of the probate court requiring the administrator of Horace J. Perrin deceased, who was original executor of Sibley, to make disclosures of books and other information touching the condition of the estate in favor of Perrin's successor, Stephen V. R. Lepper, who is administrator *de bonis non.*

The order does not purport to provide for a regular administration accounting, but to require such information to be furnished as will enable the administrator to know the condition and resources of the estate he is called on to administer. Its purpose therefore is ancillary to such action as may be had in the probate court or in any other court in which litigation may be had, when such information is

needed or will be serviceable. The proceeding itself is in no way a part of any final accounting, and may be had under the statute, against strangers to the record as well as against persons who are really or nominally parties. The fact that no final decree can be made against the disclosing party does not become important in the inquiry.

The statute authorizing the probate court to compel such a discovery applies in terms to all persons supposed to have had any dealing with the property of the estate, or who are supposed to have in their possession or knowledge any deeds, conveyances, bonds, contracts, or other writings which contain any evidence of or tend to disclose the right, title, interest or claim of the deceased to any real or personal estate, or any claim or demand, or last will and testament of the deceased. Comp. L. § 4408.

The language of the statute is broad enough to reach all persons able to give the information desired, and the position of Mr. Lepper, as administrator *de bonis non*, entitles him to such knowledge as will enable him to fulfill all the duties of his trust. Unless there is some peculiar reason why respondent should be exempted from the plain language of the statute, the relief was proper. This reason is supposed to exist in the fact that respondent is administrator of the deceased executor, and liable to account as such, and also because it is claimed the affairs of the estate are complicated with some partnership matters which it is claimed cannot be determined fully in the probate court and have been and are expected to be litigated in equity.

The fact of respondent's representation of a former executor does not under our statute entitle him to succeed his intestate in the trust. The statute is explicit that the executor of an executor does not *ex officio* occupy his place, and requires an administrator *de bonis non* to do so. Comp. L. § 4375. It follows, therefore, that the latter is entitled to have the property of the estate, and to seek information concerning it in order to understand, as well as enforce his rights. It is unnecessary now to consider the ultimate method of reaching control over such assets as are in the

shape of claims or things in action. There can be no doubt of the right to such information as will guide him in seeking such relief as he may require in the proper forum, and in the proper procedure. The importance of getting such information to be used in other courts as well as in the probate courts has been well recognized and is apparent. Toller on Ex'rs 495 ; Williams Ex'rs 1778.

And the general right to obtain it, under powers less definite than those of our statute, has been understood as in no way barred or affected necessarily by equity or other proceedings to get final relief. Wms. Ex'rs 840, 1779 ; *Brotherton v. Hellier* 2 Cases temp. Lee 131; *Lloyd v. Beatniffe* 2 Cases temp. Lee 561. The advantage of pursuing the inquiry summarily and informally may save delay and simplify the proceedings elsewhere. And the representative of a deceased executor, even under the English rule of succession, was bound to give information to the parties in interest, and the probate courts could compel it in any proper case. *Colt v. Lasnier* 9 Cow. 320 ; Comyn's Dig. "Administrator, B. ;" *Farwell v. Jacobs* 4 Mass. 634 ; *Holland v. Prior* 1 Myl. & K. 237 ; *Gale v. Luttrell* 2 Addams 234; *Ritchie v. Rees* 1 Addams 144 ; Wms. Ex'rs, 836 ; Redfield Surr. 359.

If, as seems probable, the aid of equity is necessary to make any effectual determination of the rights of the respective parties in interest, these proceedings, being ancillary, are in no way hindrances, and are valuable aids to enable the parties to know their rights and make their showings, and may materially simplify the equitable litigation, as well as throw light on the final accounting. We need not therefore consider the standing or validity of the equitable controversies referred to in the record. They must be determined in the courts where they are supposed to be pending.

We see no reason for reversing the orders of the circuit and probate courts. Care will be taken there to carry on the inquiry in such a way as not to create any needless difficulty concerning the place of custody and access to books in daily use. The probate court should and it is to be expected will

harmonize all these matters of practice with the convenience of those interested.

The order will be affirmed.

The other Justices concurred.