# JANUARY TERM, 1892.

|   |   |
|---|---|
| 90 | 1 |
| 92 | 158 |
| 90 | 1 |
| 138 | 275 |
| 90 | 1 |
| d155 | 1554 |

WILLIAM H. PALMER v. ERASTUS PECK, CIRCUIT JUDGE OF JACKSON COUNTY.

*Estates of deceased persons—Examination as to possession of effects—Appeal—Mandamus.*

1. A person cited to appear before the probate court for examination touching his possession of effects belonging to the estate of a deceased person, under How. Stat. § 5876, cannot be forced to submit to an oral examination, but the same must be made upon written interrogatories and answers, as provided by How. Stat. § 5877.
2. An order for such oral examination, although unauthorized, is not appealable, and if an appeal is taken *mandamus* will lie to compel the circuit judge to dismiss the appeal; but the only effect will be to repossess the probate court of the matter.

*Mandamus.* Submitted January 19, 1892. Granted January 20, 1892.

Relator applied for *mandamus* to compel respondent to dismiss an appeal from an order of the probate court. The facts are stated in the opinion.

*Thomas E. Barkworth*, for relator.

*Lewis M. Powell* and *Thomas A. Wilson*, for respondent.

PER CURIAM. The relator, one of the heirs at law of Rebecca Palmer, petitioned the probate judge to cite Annis Campbell to appear before the court, and submit

to an examination touching effects of the estate in her hands, under sections 5876, 5877, How. Stat. The parties appeared in probate court, and Mrs. Campbell offered to answer in writing any written interrogatories propounded, but the judge made an order requiring her to submit to an oral examination. From this order an appeal was taken to the circuit court. The relator moved to dismiss the appeal, on the ground that the order made was not appealable. This motion was denied, and the present application is for *mandamus* to compel the circuit judge to dismiss the appeal.

We hold that the order is not appealable. It could not have been intended that such proceedings in aid of administration could be arrested by appeal. See *Walker v. Hull*, 35 Mich. 488; *Moore v. Moore*, 48 Id. 271; *Goss v. Stone*, 63 Id. 319.

But we are all of opinion that the order made by the probate judge was unauthorized. The statute provides, in terms, that the interrogatories and answers shall be in writing (section 5877); and we cannot, without doing violence to the language, hold that the act of reducing the testimony to writing, as the examination proceeds, meets the requirements of the statute. See *Martin v. Clapp*, 99 Mass. 470. As we hold the order not appealable, we grant the writ; but, as the relator was not entitled to proceed under this order, the only effect will be to repossess the probate court of the matter.

No costs will be allowed on this order.