38  657
o43  464

LOIS R. GODMAN ET AL., APPELLANTS, V. MARGARET F. CONVERSE, APPELLEE.

FILED JANUARY 3, 1894.    No. 5607.

Executors and Administrators: PROBATE COURTS: ALLOWANCE TO WIDOW. Under subdivision 2, section 176, chapter 23, Compiled Statutes, 1893, a probate court has authority to make an allowance to a widow out of the personal estate or income of the real estate of her deceased husband, necessary for her maintenance, according to her circumstances, during the settlement of the estate, although the husband, by his will, lawfully disposed of all his property and the widow has accepted the provisions of such will.

APPEAL from the district court of Lancaster county. Heard below before FIELD, J.

*Charles O. Whedon,* for appellants.

*Marquett, Deweese & Hall,* contra.

46

Ragan, C.

Dr. Joel N. Converse died in Lancaster county, Nebraska, in 1890, leaving a will, since duly probated, in and by which he bequeathed to his wife, the appellee here, the use during her life of certain lands in Lancaster county, and bequeathed to her, absolutely, his library, household goods, furniture, jewels, one buggy and harness, five head of horses, five cows, and $6,000 in money. The sixth paragraph of the will provides: "All other property, whether personal or real, must be converted into money, and all my debts collected, and the proceeds thereof applied to funeral and court expenses, together with my indebtedness and bequests. Whatever may be remaining thereof will be divided between my two daughters." The eighth paragraph of the will contained this provision: "The bequest of my wife, Mrs. M. F. Converse, is in lieu of all appropriations as the law would give her, except one year's support, which I desire she shall have." The appellee duly accepted and consented to all the provisions of the will, and received as one year's support for herself $600, allowed to her by the probate court out of the estate of her husband. December 24, 1891, the probate court made her a further allowance of $75 per month, to be paid out of the doctor's estate, such allowance to begin October 11, 1891, and continue until the settlement of the estate. The case is here on appeal from this order.

This appeal challenges the authority and jurisdiction of the probate court to charge the estate of a decedent, pending the settlement of the estate, with the support of the widow, when such decedent has disposed of his personal estate by will and his widow has accepted the provisions thereof. Counsel for appellants say : " The probate court has no jurisdiction to make an allowance when the personal estate has been lawfully disposed of by will, and that the appellee could not take both under the will and the stat-

ute." The counsel bases his argument on section 176, chapter 23, Compiled Statutes, 1893. So much of it as we quote is as follows: "When any person shall die possessed of any personal estate, or of any right or interest therein not lawfully disposed of by his last will, the same shall be applied and distributed as follows: First—The widow, if any, shall be allowed all the articles of apparel and ornament, and all the wearing apparel and ornaments of the deceased, the household furniture of the deceased, not exceeding in value $250, and other personal property, to be selected by her, not exceeding in value $200; and this allowance shall be made as well when the widow receives the provision made for her in the will of her husband as when he dies intestate. Second—The widow and children, constituting the family of the deceased, shall have such reasonable allowance out of the personal estate, or out of the income of the real estate, as the court of probate may adjudge necessary for their maintenance during the progress of the settlement of the estate, according to their circumstances, which in case of an insolvent estate shall not be longer than one year after granting administration, nor for any time after the dower and personal estate shall be assigned to the widow." It would seem that the intention of this section of the statute was to provide for the distribution of the personal estate of a decedent, not disposed of by his will; that by the first subdivision of said section the widow is given the apparel, ornaments, two hundred and fifty dollars' worth of the household furniture and two hundred dollars' worth of such other personal property as she might select; and that a disposition of it to another by the will of the husband is made inoperative. In other words, the property enumerated in this first subdivision is exempt from the operation of the will of the husband, and belongs, on his death, to his widow; that by the second subdivision of this section the probate court could make to the widow and children constituting the family a reasonable allowance out of the

estate during the pendency of its settlement, only in cases where the husband died intestate, the legislature indulging the presumption that a testator would, by his will, set apart money or property, which, when added to the property given to the widow by law under the first subdivision of this section 176, would be sufficient to support herself and family during the time the estate might be in process of settlement. A probate court must have the authority of statute law to support an order by which the estate of a testator is charged with the support of his widow and family. The statute relied on to sustain the allowance in controversy here, is section 176, quoted above, and, uninfluenced by authority, we would say that by this section the probate court had no authority or jurisdiction to make the order appealed from. We find, however, on investigation, that section 3935 of the statute of Wisconsin is, in all material respects, the same as said section 176.

In *Baker v. Baker*, 57 Wis., 382, a decedent left a will disposing of all his property. The will was duly probated. The probate court allowed the testator's widow for her support $50 per month for one year after her husband's death; and, at the expiration of the year, by a second order, allowed her for her support an additional sum of $50 per month, to continue during the pendency of the settlement of the estate. An appeal to the supreme court of Wisconsin was taken from this order, the appellants contending that the action of the probate court was a nullity, and section 3935 was relied on to sustain such objection. On the other hand, the appellees argued that said section 3935 was of itself statutory authority to support the order of the probate court. The supreme court said: " The argument is that under the provisions of section 3935 R. S., no allowance can be made to a widow in any case, when the deceased has died testate, and by his will disposed of all his property, both real and personal, unless the widow renounces all rights under the will. * * * The con-

struction of the clause contended for by the learned counsel for the appellant would as effectually prevent the payment of expenses of the administration, funeral charges, and debts in a case where the will of the deceased disposed of his entire estate as it would the setting apart and payment of the allowances to the widow and minor children. A construction put upon this provision of the law which would lead to such radical injustice certainly ought not to be adopted." And the court squarely decided that under subdivision 2, section 3935, a widow may have an allowance out of the estate of her deceased husband, although by his will he has disposed of all his property. For the construction of statutes similar to the Nebraska statute, section 176, *supra,* see *Moore v. Moore,* 48 Mich., 271; *Williams v. Williams,* 71 Mass., 24. We feel bound by the construction placed by the supreme court of Wisconsin on the statute under consideration, and following *Baker v. Baker, supra,* affirm the judgment of the district court.

AFFIRMED.