CHARLES H. MANLY, ADMINISTRATOR OF THE ESTATE OF
ELIJAH W. MORGAN, DECEASED, V. J. WILLARD
BABBITT, JUDGE OF PROBATE OF WASH-
TENAW COUNTY.

|  |  |
|---|---|
| 99 | 441 |
| 121 | 309 |
| 99 | 441 |
| d155 | ¹554 |

*Estates of deceased persons—Discovery—Interrogatories*

1. The sole purpose of How. Stat. § 5876, in so far as it provides
that if any executor or administrator or other person interested
in the estate of any deceased person shall complain to the
judge of probate that any person is suspected to have in his
possession or knowledge any deeds, conveyances, bonds, con-
tracts, or other writings which contain evidence of the right,
title, interest, or claim of the deceased to any real or personal
estate, or any claim or demand, the said judge may cite such
suspected person to appear before the court of probate, and
may examine him on oath, upon the matter of said complaint,
is to procure the production and examination of the docu-
ments specified in the statute; citing *Perrin v. Circuit Judge*,
49 Mich. 342.[1]

2. Where executors, on being cited to appear for examination under
said statute, truthfully and fairly answer the interrogatories
propounded to them, and tender to the complainant full access
to all of the documents called for, the complainant has obtained
all that he is entitled to under the statute, and the labor and
expense of preparing and furnishing a schedule and descrip-
tion of such documents should not be imposed upon the exec-
utors.

*Mandamus.* Argued January 16, 1894. Denied March
27, 1894.

Relator applied for *mandamus* to compel respondent to
make an order requiring the executors of the estate of

---

[1] See *Palmer v. Circuit Judge*, 90 Mich. 1, holding that the per-
son cited to appear before the probate court for examination touch-
ing his possession of effects belonging to the estate of a deceased
person, under How. Stat. § 5876, cannot be forced to submit to
an oral examination, but the same must be upon written inter-
rogatories and answers, as provided by How. Stat. § 5877.

Lucy W. S. Morgan to make answer to certain inter-
rogatories. The facts are stated in the opinion.

*Jasper C. Gates* and *A. J. Sawyer,* for relator.

*Thompson, Harriman & Thompson,* for respondent.

GRANT, J. I find nothing upon the record in this case
to indicate any intent or disposition on the part of the
executors of the estate of Mrs. Morgan to conceal any
papers, documents, deeds, or conveyances from the relator.
The probate judge returns that the interrogatories were
truthfully and fairly answered, and that the purpose of
the relator has thereby been fully attained. They have
offered to give to the relator free and full access to all
the books of account, papers, deeds, and documents in
their possession which they received and hold as executors.
Neither the relator nor his attorneys have any right to
remove them from the office or control of the executors.
The sole purpose of this statute[1] is to procure the pro-
duction and examination of the documents specified in it.
This was all that was sought or granted in *Perrin v. Cir-
cuit Judge,* 49 Mich. 342.

The executors answer that they claim title by virtue of
certain deeds or conveyances which are of record. It
appears to be insisted that these conveyances are void as to
creditors. To enable the relator to obtain such facts in
regard to these transfers as appear upon the books and
papers which formerly belonged to Mr. Morgan, as a
guide to his future course in the matter, the executors of
Mrs. Morgan have tendered him the examination of and
free access to them.

In reply to the fifth interrogatory the executors answer
that—

"There is nothing in any books or papers in our hands,

---

[1] How. Stat. § 5876.

or in the hands of either of us, that to our knowledge, or in our belief, would change or modify the record title to the lands described in interrogatory one. It would require the labor of a single person for months, if not years, to make the schedule requested; and we decline to perform that labor without compensation."

This labor and expense should not, in my judgment, be imposed upon the executors. The relator has obtained all he is entitled to by the opportunity for an examination. If, upon such examination, the guardian or the executors shall show any disposition to withhold any books, deeds, papers, or other information to which he may be entitled, the relator may then apply to the probate court, under the statute, for discovery thereof.

The writ must be denied.

The other Justices concurred.