ERWIN *v.* OTTAWA CIRCUIT JUDGE.

138   271<br>f155   555

EXECUTORS' ACCOUNTS — PRODUCTION OF BOOKS — APPEALABLE ORDERS.

An order of the probate court to produce for examination certain books and papers, to be used in a pending controversy over the removal of an executor and the settlement of his account, is not appealable to the circuit court under 1 Comp. Laws, § 669.

Mandamus by David D. Erwin, guardian ad litem and next friend of Edward P. Ferry, an incompetent, and others, to compel Philip Padgham, circuit judge of Ottawa county, to vacate an order dismissing certain appeals from the probate court. Submitted November 15, 1904. (Calendar No. 20,741.) Writ denied November 29, 1904.

*Nims, Hoyt, Erwin, Sessions & Vanderwerp* and *Kingsley & Wicks* (*George A. Farr*, of counsel), for relators.

*Butterfield & Keeney* and *Walter I. Lillie*, for respondent.

HOOKER, J. We are asked to issue a peremptory mandamus to compel the respondent to vacate two orders dis-

missing appeals taken by the respective relators from an order made by the probate court of Ottawa county, requiring relators to produce certain books of account and documents alleged to relate to the management by Edward P. Ferry, executor, of the affairs of the estate of William M. Ferry, deceased, of which he was administrator.

William M. Ferry is alleged to have died at his home in Grand Haven, Ottawa county, Mich., in the year 1867. Edward P. Ferry, his son, was made executor of his will, and has so continued to the present time.

On June 26, 1903, certain relatives, claiming to have interests in the estate, filed in the probate court having jurisdiction of the estate a petition asking the removal of Edward P. Ferry from the office of executor, and that he render an account of his doings as such executor. It is claimed that in this litigation there are upon one side Edward P. Ferry, the executor, and upon the other all of the residuary legatees and devisees under the will, including the distributees of such as are not living. A hearing was had upon the petition on July 21, 1903, and at such hearing there appeared before the probate court John Vanderwerp and David D. Erwin, of Muskegon, and Edward S. Ferry, of Salt Lake City, Utah, of which latter place Edward P. Ferry is, and for some years has been, a resident. Edward S. and W. Mont. Ferry are sons of Edward P. Ferry, and upon application of the parties mentioned as having appeared David D. Erwin was appointed "guardian ad litem and next friend" of Edward P. Ferry, who was shown to be an incompetent person, over whom W. Mont. Ferry and Edward S. Ferry were general guardians, appointed by a Utah court. On the same day Erwin, as guardian, etc., filed an answer and a cross-petition in which he prayed for the discharge of Edward P. Ferry from his trust as executor of his father's will. Issue was joined upon the cross-petition, and the hearing was set for October 27, 1903. On October 19, 1903, the appellees filed a petition asking that the relators be ordered to produce

certain books and papers, which it was alleged would throw light upon the administration of the estate, and aid in determining the correct state of the account. A citation was issued returnable October 27, 1903, and this was returned duly served within the jurisdiction of the court on each of the relators. The relators Edward S. and W. Mont. Ferry appeared in person and by counsel, and filed objections to the jurisdiction of the court and the proceedings. Erwin answered, and a trial was had, which is said to have lasted four days. As a result the probate court made an order on November 4th requiring the production and deposit with the probate court within a time fixed, for examination, certain books and papers which related to the affairs of the estate, some or all of which he found to have been surreptitiously removed from the State of Michigan by the relators, or some of them.

Separate appeals were taken under 1 Comp. Laws, § 669, by Erwin and the two Ferrys (relators), and subsequently these appeals were dismissed by the respondent upon the ground that the orders were not appealable.

The questions before us are: (1) Were the orders appealable? (2) If not, should the writ be denied upon the ground that the appellees have waived their right to question the validity of the appeals?

The true nature of the proceeding appealed from is one ancillary to the then pending controversy over the removal of the executor and his account, designed to place before the court evidence in the control of the relators pertinent and indispensable to a proper determination of those questions. So far as the question of waiver is concerned, we think it disposed of by the returns of the respondent, which indicates that the appellees sought to dismiss the appeal, and conditioned their notice of hearing upon a failure of their motion. Hence we need not consider the question of the possibility of a court, through a waiver, acquiring jurisdiction over the subject-matter of a controversy of a nature not appealable.

The statute upon which the relators rely to support their right to appeal is section 669 of the Compiled Laws:

" (669) Sec. 25. In all cases not otherwise provided for, any person aggrieved by any order, sentence, decree, òr denial of a judge of probate, may appeal therefrom to the circuit court for the same county, by filing a notice thereof with the judge of probate within sixty days from the date of the act appealed from, with his reasons for such appeal, together with such bond as is required in the next section."

On the other hand, the appellees base their proceeding upon sections 9355 and 9356, which are as follows:

"Sec. 9355. If any executor or administrator, heir, legatee, creditor, or other person interested in the estate of any deceased person, shall complain to the judge of probate, on oath, that any person is suspected to have concealed, embezzled, conveyed away, or disposed of any money, goods, or chattels of the deceased, or that such person has in his possession or knowledge, any deeds, conveyances, bonds, contracts, or other writings, which contain evidence of, or tend to disclose the right, title, interest, or claim of the deceased to any real or personal estate, or any claim or demand, or any last will and testament of the deceased, the said judge may cite such suspected person to appear before the court of probate, and may examine him, on oath, upon the matter of such complaint.

" Sec. 9356. If the person so cited shall refuse to appear and submit to such examination, or to answer such interrogatories as may be put to him touching the matter of such complaint, the court may, by warrant for that purpose, commit him to the common jail of the county, there to remain in close custody until he shall submit to the order of the court. The probate judge shall cause the examination to be taken down by a stenographer, or in such mode as shall in his discretion seem to him best, and said judge shall direct all such interrogatories and answers to be reduced to writing, signed by the party, and filed in the probate court."

Various cases heretofore decided by us sustain the validity of these statutes and the power of the probate court to compel the production of books and papers under them. The case of *Perrin* v. *Calhoun Circuit Judge*, 49 Mich.

342, was one in which most of the questions before us were involved. It is again alluded to in the final disposition of the case in *Perrin* v. *Lepper*, 72 Mich. 454, and settles the authority of probate courts to make and enforce such orders under the statute. See, also, *Palmer* v. *Jackson Circuit Judge*, 90 Mich. 1, and the case of *Eames* v. *Manly*, 117 Fed. 391.

The statute is a broad one in terms, but as early as in the 5th of Michigan this court called attention to the fact that probate proceedings were necessarily summary, and that—

"To allow a writ of error to the circuit court for the purpose of reviewing its proceedings upon these appeals would interminably procrastinate the settlement of estates, and operate as a most oppressive burden upon the public. This consideration of itself, were the question a doubtful one, would induce us to hesitate long before we recognized this remedy; but a consideration of the nature of the writ and the remedy satisfies us that it lies in no case where the proceedings are not after the course of the common law, and only after judgment on an issue formed according to it; and it is not enough that the proceedings are in a court which ordinarily and primarily exercises common-law jurisdiction. It is true this court has exercised jurisdiction in cases of appeals from probate judges to the circuit courts, and also in appeals from commissioners of claims to that court (citing cases); but all these cases were after trials in the circuit upon issues of fact, and where the proceedings were after the course of the common law; and no instance is known of the exercise of this jurisdiction where the appeal was from an interlocutory order or discretionary ruling, and where the office of the appeal was to obtain a review, and not a trial of a question of fact." *Holbrook* v. *Cook*, 5 Mich. 230.

We have frequently since held it inapplicable to orders made by the probate court. Thus, in *Walker* v. *Hull*, 35 Mich. 488, it was held that an order appointing a special administrator was not reviewable, though one appointing a general guardian is for obvious reasons. See *Goss* v. *Stone*, 63 Mich. 319. While in that case the court carefully preserved the right of appeal from orders affecting

the merits of a proceeding, it is said that the exceptions include "such interlocutory and subsidiary orders as are made during the pendency of suits or proceedings, and which end with or before them," illustrating by the following, viz.: "Such instances occur in the appointment of guardians ad litem ( *Walker* v. *Hull*, 35 Mich. 488), temporary allowances of some kinds (*Moore* v. *Moore*, 48 Mich. 271), and the usual orders and directions regulating the current procedure." In *Sparrow* v. *Ingham Circuit Judge*, 109 Mich. 272, the statute was held not to apply to the case of one committed to an insane asylum; and in *Lorimer* v. *Wayne Circuit Judge*, 116 Mich. 682, an order determining heirs was held not appealable. An order for widow's allowance has been held not appealable in several cases. *Moore* v. *Moore*, supra.; *Freeman* v. *Washtenaw Probate Judge*, 79 Mich. 390; *In re Power's Estate*, 92 Mich. 106; *Bordwell* v. *Saginaw Circuit Judge*, 119 Mich. 421; *In re Koch's Estate*, 121 Mich. 667.

If it were the rule that any order of the court made with a view to obtaining testimony were subject to review before the testimony could be procured and the trial proceed, there would be no end to delay. It is well illustrated in the present case, where an order to a witness to produce testimony was litigated four days in the trial court, and over a year later is still in this court upon a question not going to the merits. Such orders, though perhaps final upon the merits of the ancillary proceeding, are not final, nor are they decisive of the merits of the proceeding to which they are ancillary; and unless they deprive one of a right or property they are not appealable, as we have seen, and this must depend upon the nature of the order, rather than upon the circumstances of the particular case. Under the decisions cited, there can be no doubt of the power of a court through subpœna duces tecum, or by a special order, to require one to produce testimony, or appear and be examined, or discover property. That is as far as the order in this case goes. Upon its face it is reg-

ular. There is no reason why an executor should not make disclosure of facts pertaining to the administration of his trust; and, if non compos or dead, his personal representative should do the same, as was held in the case of *Perrin* v. *Calhoun Circuit Judge*, supra. There may be circumstances which will relieve these relators from the production of the books in question, but this is not the method, nor is it the forum, in which to raise the question. Hence we have no occasion to discuss or pass upon the many objections which are raised in the briefs of counsel. It is enough to say that orders of this kind are not appealable. Thus the right to appeal cannot depend upon the place where the books are, or where the representatives of the executor or the executor himself reside, or upon the jurisdiction that the Utah courts may have over either, or whether the proceedings in the probate court of Ottawa county were regular in all things, or whether the petition speaks truly, or the court's conclusion was justified by the evidence, upon the relations of the various parties to this estate.

The writs are denied, with costs.

The other Justices concurred.