MITCHELL v. BAY PROBATE JUDGE.

1. COURTS—APPELLATE COURTS—INFERIOR COURTS—MANDAMUS.
   Under section 8, article 6, of the Constitution, probate courts, in the sense of grade, are inferior courts, and an application to the circuit court for a writ of mandamus, in the absence of an exigency, is the proper procedure; but the Supreme Court, having issued an order to show cause, will dispose of the questions raised.

2. SAME—PROBATE COURTS—JURISDICTION.
   The probate court is without jurisdiction to try title to land or personal property, either against an administrator, claiming the same in his own right, or a stranger to the estate.

3. EXECUTORS AND ADMINISTRATORS — DISCOVERY OF ASSETS — STATUTES—DISMISSAL WITHOUT PREJUDICE—RES JUDICATA.
   Under sections 9355-9357, 3 Comp. Laws, an heir is entitled to an order from the probate court requiring the administrator of the estate to appear and answer interrogatories relative to items claimed to have been omitted from the inventory; and the failure to appeal from an order dismissing without prejudice a petition for such discovery is not res judicata of the items mentioned in said petition upon the filing of a second petition.

4. APPEAL AND ERROR—INTERLOCUTORY ORDERS—MANDAMUS.
   An order of the probate court sustaining a demurrer to a petition against an administrator for a discovery of assets is not appealable, where it is incidental to a proceeding to compel an addition to the inventory filed by said administrator.

Mandamus by Walter B. Mitchell to compel G. H. Francis, probate judge of Bay county, to vacate an order sustaining a demurrer to a petition for a discovery of assets. Submitted January 5, 1909. (Calendar No. 23,171.) Writ denied March 3, 1909.

*Davitt & Davitt*, for relator.

*Cooley & Hewitt*, for respondent.

HOOKER, J. The relator is a son, who, with four other

sons and daughters and Mary B. Mitchell, widow and administratrix, are heirs of the estate of the late William Mitchell of Bay county. Relator, being dissatisfied with the inventory made by the administratrix, filed a petition in the probate court, alleging upon information and belief that certain real and personal property specifically described should be inventoried. It did not ask for discovery under the statutes hereinafter cited. An answer was filed stating that certain of the real and personal property was the property of Mary B. Mitchell, that she had no property, money, or effects in her hands belonging to the estate, except as stated in the inventory, and that certain of the property did not belong to the estate but to other persons. At the hearing the court found that a question of title was involved, and that he had no jurisdiction to try the same, and it was ordered that, on the filing of a written statement by the administratrix, the petition be dismissed without prejudice. No appeal from this order was taken. Two or three weeks later a second petition was filed, alleging that certain real and personal property specifically described and claims of indebtedness not definitely ascertained were wrongfully omitted from the inventory, and praying a citation to said administratrix to appear and answer such petition and certain interrogatories contained therein, and that she be required to produce certain books and papers, viz., those of some copartnerships of which William Mitchell was a member, viz., Mitchell & Co., and the Mitchell Transportation Company, which books are alleged to be in her own possession, or in the custody of others within her control. It also asked that she be required to submit to an oral examination at the hearing. It did not pray for any addition to the inventory. An answer was filed to this petition which contained a demurrer as to the discovery relating to the real property and certain of the personal property upon the ground that an answer had been made in the former proceeding, and that no exception nor appeal had been taken to the former order of the court. As

to the remainder, there was a meritorious answer, accompanied with an offer of opportunity for examination of the books referred to. A hearing was had, at which the demurrer was sustained, and Mrs. Mitchell was examined orally; her testimony being attached to the petition for mandamus filed in this court. At this juncture, and without further order in relation to the case, a petition was filed in this court for a mandamus to compel the probate court to vacate the order sustaining the demurrer and to permit a full examination of the administratrix in relation to all matters set up in the second petition filed. An order to show cause issued.

The return of the probate judge states that Mary B. Mitchell appeared in obedience to the citation, and presented the books, deeds, and papers mentioned in the petition. The deed conveying lots 1 and 2 was recorded on December 29, 1887. A copy of the deed is set forth showing a conveyance duly executed, witnessed, and acknowledged from William Mitchell to Mary B. Mitchell. Also a similar deed of lots 11 and 12 was recorded November 4, 1898. On examination Mary B. Mitchell stated that she was the owner of the real estate mentioned, and had no certificates of deposit in her possession or under her custody or control belonging to said estate. The return states, further, that the probate judge allowed full examination of the administratrix and all witnesses as to matters relating to an automobile, certain checks mentioned in the petition, and certain moneys paid to William B. Mitchell, and that the order sustaining the demurrer which related to the real estate and certificates of deposit was based upon the pleadings and the oral statements of Mary B. Mitchell, and that further examination for the purpose of discovery as to title and ownership of said property so claimed by Mary B. Mitchell could not be permitted under the laws of this State.

Apparently the sole point in controversy from relator's standpoint is whether he should be permitted to prove through the examination of Mary B. Mitchell on interrog-

atories and oral questions that the land and certificates of deposit belong to the estate. Counsel for the relator say that they apply to this court for. the reason that the circuit court has not jurisdiction to issue a mandamus in this cause, that the Constitution ( article 6, § 8) confers upon circuit courts power to issue writs of mandamus to give them general control over inferior courts only, but that probate courts are not "courts of inferior jurisdiction"— citing *People* v. *Wayne Circuit Court,* 11 Mich. 393; *Church* v. *Holcomb,* 45 Mich. 29; *Schlee* v. *Darrow's Estate,* 65 Mich. 362; *Fingleton* v. *Kent Circuit Judge,* 116 Mich. 211. Section 3 of article 6 of the Constitution gives the Supreme Court a general superintending control over "all inferior courts." Section 8 of article 6 gives the circuit courts the power to issue "writs of * * * mandamus * * * and certiorari * * * necessary to * * * give them general control over inferior courts and tribunals," and in all other cases and matters as the Supreme Court shall by rule prescribe. It appears from the foregoing that the term "inferior courts" is used in both and no good reason appears for holding that the later section does not include probate courts, and that the former does. The Constitution does not use the term "courts of inferior jurisdiction" in either section, and we must hold that the term "inferior courts" was used in the sense of grade, and means lower courts. This was evidently the understanding of this court when it amended Circuit Court Rule 46 (127 Mich. xxxiv) on May 12, 1902, and expressly provided that the circuit courts might issue writs of certiorari to probate courts. It is also evident from the case of *Swift* v. *Wayne Circuit Judges,* 64 Mich. 479. It has been the announced policy of this court to enforce the spirit of section 8 of article 6 by declining to issue these writs when application could have been made to the circuit court, in the absence of an exigency. No exigency appears here. Having issued the order, however, we dispose of the questions raised.

The record shows conclusively, and, indeed, the petition

indicates, that the title to the estate is disputed as to all of the items which relator specified, and that the administratrix claims title herself to some of them, and is disposed to doubt the title of the estate to others which are claimed by third persons. So long as an inventory is not conclusive either for or against an estate or an administrator, no harm necessarily results if these items are not added. It is manifest that the probate court is not a proper place to try title to land or to personal property, either against an administrator claiming the same in his own right or a stranger to the estate. For a case holding that disputed claims cannot be determined in such a proceeding, and should not be forced upon the inventory against the denial of the administrator, see *Greenhugh* v. *Greenhugh*, 5 Redf. Sur. (N. Y.) 191. See, also, *Goundry* v. *Brink*, 57 App. Div. (N. Y.) 232. The probate judge has not expressly decided whether any of the property should be added to the inventory. It may be said that he has done so impliedly as to all covered by his ruling on the demurrer, but we infer that this proceeding is now restricted to the question of relator's right to an examination of Mrs. Mitchell regarding the deeds and her title under them, and the certificates of deposit, and he claims this under certain provisions of the statutes. 3 Comp. Laws, §§ 9355, 9356, 9357. We understand that relator claims that the deeds were not delivered. Irrespective of the question of additions to the inventory, these statutes give broad powers to the probate court to inquire concerning alleged assets, and its powers were enlarged by the amendment of 1897 (Act No. 129, Pub. Acts 1897, 3 Comp. Laws, § 9356), making the cases of *Palmer* v. *Jackson Circuit Judge*, 90 Mich. 1, and *Manly* v. *Washtenaw Probate Judge*, 99 Mich. 441, inapplicable. We are of the opinion that relator was entitled to have the interrogatories answered and to an oral examination in relation to the matters covered by the demurrer. It is claimed that the failure to appeal from the dismissal of the first petition rendered those questions res judicata. We think not. The

petition was dismissed without prejudice.   True, it was done because the judge thought he had no right to try the title to these items.   It does not necessarily follow that he has not the authority to enforce the statute for discovery, even if the relator be concluded in relation to the subject of adding items to the inventory, a matter we need not determine.   See *Perrin* v. *Calhoun Circuit Judge*, 49 Mich. 342, and *Erwin* v. *Ottawa Circuit Judge*, 138 Mich. 271.   There is another reason, however, why we cannot grant the relief prayed.   Treating the application now before us as one for discovery merely, it is incidental to the main proceeding; i. e., the proceeding to compel an addition to the inventory, and therefore interlocutory.   We held in *Erwin* v. *Ottawa Circuit Judge,* supra, that a similar order was not appealable, and we endeavored to show the disorder which would follow the review of such orders, and the absence of serious consequences from the denial of the right to appeal.   Appeals are not matters of right unless given by statute, and, where this right is withheld by the legislature, it is not within a legitimate exercise of the power of this court to supply it in another form.

We are constrained to deny the writ, but, as the petition was dismissed without prejudice, the probate judge may consider the question upon a new application.

The writ is denied.

BLAIR, C. J., and MOORE, BROOKE, and McALVAY, JJ., concurred.