Dissenting opinion by
Cunningham, Presiding Judge:
I am unable to agree with the majority opinion, and inasmuch as that opinion, if permitted to stand, will constitute a rule of practice in this state, I regard it as of sufficient importance to justify my expressing, as briefly as possible, the reasons which impel me to dissent.
I shall not analyze the array of authorities cited and copiously quoted from in the original opinion, since to do so would unduly prolong my opinion. However, I am confident that a careful analysis of these quotations, together with special statutes on which, in some instances, they are based, will clearly demonstrate that not one of these authorities supports the conclusions arrived at in the majority opinion, unless, perhaps, it be the case of Wright v. Wright, 11 Colo. App., 470, which ought hot to be considered as controlling in view of the fact that it does not appear that the principal question here involved, namely, whether the judgment in this case is or is not appealable, was pressed upon the attention of the former court of appeals in that case, or even adverted to. The opinion in the Illinois cases can have no possible bearing, in view of the fact that the Illinois statute is substantially different from our own. The sections referred to, I think, are numbers 81 and 82, instead of 80 and 81. They so appear in Starr & Curtis’s Annotated Statutes of Illinois, issued in 1885. Section 81 of the *446 Illinois act provides, inter alia, that the court may examine the person cited, on oath, “and hear the testimony of such executor and administrator and other evidence offered by either party, and make such order in the premises as the case may require.” No such authority is cast upon or vested in the probate court by our act. The following is section 82 of the Illinois act in full:
‘ ‘ If such person refuse to answer such proper interrogatories as may be propounded to him, or refuse to deliver up such property or effects, or in case the same has been converted, the proceeds or value thereof, upon a requisition being made for that purpose by an order of the said court, such court may commit such person to jail until he shall comply with the order of the court therein. ’ ’
It will be seen that the Illinois act gives the probate court authority to require the delivery of the property or effects in question, or in case the same has been converted, judgment may be entered for the proceeds or value of the property so converted, and the court may commit the person to jail until he shall comply with the order or judgment of the court. No such authority is found in our act. Our statute simply permits the probate court to commit the party cited, if he shall fail or refuse to submit to an examination hr to answer interrogatories. But it is admitted, over and over, in the majority opinion that the probate court in the instant case had no authority whatever to enter the order it did enter, namely, requiring the defending administrator to list the note in his inventory of the assets of the estate. In other words, the majority opinion admits that the probate court was absolutely without jurisdiction of any sort to maké the order it did.make. The court having-no jurisdiction or authority to enter such judgment, then the parties appearing before it could not, by their pleadings and the proof, confer such jurisdiction.
*447 A judgment rendered under such circumstances being a nullity may be collaterally attacked by any person interested whenever' and wherever it is brought in question.—Trowbridge v. Allen, 48 Colo., 419; Empire R. & C. Co. v. Coldren, 51 Colo., 122.
It was said in Coulter v. Routt Co., 9 Colo., 267, quoting from Judge Cooley:
“When a statute is adjudged to be unconstitutional it is as if it never had been. * * * it constitutes protection to no one who has acted under it, and no one can be punished for having refused obedience to it before the decision was made. ’ ’ .
What is true of a void statute must necessarily be true of a void judgment. It therefore follows that Durst could, in any proceeding anywhere, whenever and wherever the same might be brought, have repudiated the void order of the probate court directing him to inventory the note. It is illogical to say that a judgment with no validity whatever, and which may be ignored with perfect impunity, under all circumstances, requires that the party against whom it purports to run should take an appeal therefrom, or be bound thereby. Durst, when the order was entered, had at least three remedies other than by appeal: (a) finding his interests in probable conflict with those of the estate, he might have resigned as administrator; (b) he might have complied with the order, noting that he did so under protest; (c) he might have refused absolutely to comply with the order of the court, and, if committed for contempt, sued out a writ of habeas corpus and summarily tested the question here presented on appeal, namely, the validity of the probate court’s order.
“A void judgment is in legal effect no judgment. By it no rights are vested; from it no right can be obtained. Being worthless in itself, all proceedings’ upon it are equally worthless. It neither binds nor bars any *448 one. All actions performed under it, and all claims flowing out of it are void. The parties attempting to enforce it may be responsible as trespassers. The purchaser at a sale by virtue of the authority of it finds himself without title and without redress. * * * If it be null, no action upon the part of the plaintiff, no action upon the part of the defendant, no resulting equity in the hands of a third person, no power residing in any legislative or other department of government, can vest it with any of the elements of power or vitality.” — Freeman on Judgments (4th Ed.), sec. 117.
Section 240 (E. S.) of our code thus defines a judgment :
“A judgment is the final determination of the rights of the parties in the action or proceeding.”
I confess that I am unable to understand how it can logically be contended that a void judgment is “the final determination of the rights of the parties in the action or proceeding,” especially in view of the holding of our supreme court, to which I have already directed attention, permitting such judgments to be attacked whenever and wherever they are brought in question. It would seem to me that under our code, whatever the authorities may be elsewhere, any order of the court that did not, because of its invalidity, determine the rights o'f the parties finally or at all, was no judgment, and therefore could not be appealed from.
I cannot agree with the views expressed by my brethren that the order of the trial court directing that thé note be inventoried was a determination of the title to the note, first, because the order, when properly read, does not purport to determine that question, and second, an absolutely void order can determine nothing. No’ execution could have been issued upon this order. The trial court could have committed the administrator for contempt, but this does not even indicate that the judgment *449 was final. Legally, if it did so, it would have been an excessive and tyrannical exercise of authority (for which the law provides ample remedy other than by appeal) quite as much as if the trial court had pronounced the death sentence upon him, and ordered his immediate execution. I am unable to discover any legal distinction between the order made in this case and an order made requiring the administrator to inventory property admittedly and concededly the property of the estate. My brethren appear to think such a distinction exists, and admit that in the latter ease the judgment or order of the trial court would not be final. Very properly it is stated in the majority opinion that, “this statute was enacted for the purpose of discovering property belonging to the estate, and incidentally, to perpetuate testimony concerning the same, and for no other purpose.” Whatever the probate court attempted to do, therefore, after the coming in of the defendant’s answer, had no more force and effect, and possessed no more virtue, than would a purported decree of a justice of the peace attempting to dissolve the bonds of matrimony. To hold that an appeal in this case was necessary, or even permissible, is just as illogical as to hold that an appeal from a purported decree of a justice of the peace in a divorce case was necessary, and unless taken would operate as a valid divorce. It is said in the majority opinion: ‘ ‘ This was a final adjudication of the matter in issue and required no further proceeding or order by the court to put it into effect.” My answer to this is that you cannot put nothing into effect, and, in contemplation of law, the order of the trial court, being absolutely void, was nothing.
“No writ of error will lie, and no appeal can be taken from a void judgment.”—Levan v. Richards, 4 Idaho, 671.
“The final decree rendered in this case is void upon *450 its face, but no execution could have been issued thereon, and it might have been vacated by the probate court on motion. Consequently no appeal will lie from the decree.”—Hays v. Cockrell, 41 Ala., 87; McMillan v. City of Gadsden, 39 So., 569; Leslie v. Tucker, 57 Ala., 486; David v. David, 56 Ala., 49; Pettus v. McKinney, 56 Ala., 41; Adams v. Wright, 129 Ala., 305; 30 So., 574; Wertheimer v. Ridgeway, 157 Ala., 398; Campbell & Martin v. Chandler, 37 Tex., 33; Alexander v. Segee et al., 101 Me., 561.
The weight of authority may be, probably is, against my contention that a void judgment is not appealable, but the authorities are all in accord that an appeal is not necessary. However this may be, no appeal from a void judgment should be entertained unless the record shows a motion by the complaining party in the court from which the void judgment emanates calling the court’s attention to the invalidity of the judgment and its want of jurisdiction, and praying that the same be vacated.—In re Armstrong; 76 N. Y. S., 40.
No such motion was filed in this case, nor does it appear from the record that the jurisdiction of the county court to enter the order appealed from was ever challenged.
Further, to my mind it appears absurd to hold that the administrator had a right to appeal from the order of the probate court to the district court, but that the district court on such appeal had no discretion in the matter whatever, but must of necessity discharge the respondent. No trial de novo, therefore, can be had on such an appeal, even under the conclusions reached by my brethren. The proper procedure in this case, as I view it, has been established by the Michigan supreme court in Palmer v. Peck, 90 Mich., 1; 50 N. W., 1086.
The judgment of the trial court should be affirmed, but in affirming it this court would but discharge its duty *451 by calling tlxe attention of the probate court to the nullity of its order.
In Walker v. Green, ante 154, 128 Pac., 855-7, recently decided by tlxis court, it appears clearly that we have held tlxat tlxe voluntary listing of property as tlxe assets of tlxe estate by tlxe administrator is not binding upon lxim. A fortiori where the listing is in invitum it cannot bind the administrator.
In Mitchell v. Bay, 155 Mich., 550, 119 N. W., 916-18, it is held that an inventory is not conclusive either for or against axx estate or an administrator, hence no harm necessarily results if items are not added. The contrary must be equally true, that to list in an inventory certain items, especially where the same is done pursuant to an order of the court, made over the protest of the administrator, is not conclusive for or against the estate or the administrator. The matter here under consideration beixxg, as the majority opinion well states, based upon an application for discovery merely, or for the perpetuation of testimony, and for no other purpose, the order of the trial court to list the property, even granting that the court had power to make such an order, is incidental to the main proceeding, the settlement of the estate, and is purely interlocutory.—Mitchell v. Bay, supra.
To allow an appeal to the district court for the purpose of reviewing a proceeding of this sort would interminably procrastinate the settlement of estates, and operate as a most oppressive burden upon the public. This consideration of itself, were the question a doubtful one, should induce us to hesitate long before recognizing this remedy; bxxt the trxxe nature of the proceeding appealed from is, ixx my opinion, purely ancillary and limited in scope to the placing before the court of evidence pertinent and indispensable to a proper determination in another and proper proceeding of the title to the note in question.—Irwin v. Ottawa, 138 Mich., 271, 101 N. W., 537.
*452 If the majority opinion shall stand, there is nothing to prevent parties hereafter from taking an appeal every time a proceeding like the one.here before us is had in the probate court, and thus delay, for a sinister purpose perhaps, the final settlement of estates, and this - notwithstanding the fact that on appeal to the district court, under the announcement of this court made in the instant case, that court must perfunctorily and as a matter of course do one thing (can do but one thing) namely, discharge the respondent — discharge him from an order (which the majority opinion, without warrant as I think, persistently refers to as a judgment) which this court finds to be an absolute nullity, and therefore void for every purpose, and which, under the authorities I.have cited from the supreme court of this state, may be collaterally attacked by any person interested whenever and wherever it is brought in question.
I am fully persuaded that the reasoning of the majority opinion is- unsound; that the judgment of the district court was entirely proper, and therefore ought to be affirmed.