———o———

ANDREAS RUFF, Respondent, *vs.* KATE DOYLE, Administratrix of PATRICK DOYLE, Deceased, Appellant.

1. *Probate Court—Administrator—Embezzlement, trial for—Judgment will authorize appeal.*—In a proceeding before the Probate Court against an administrator, charging him with concealing and embezzling the assets of the estate. (See Wagn. Stat., p. 85, §§ 7, 8, 10,) judgment on the merits would be a final one, as contemplated by the statute, so as to authorize an appeal to the Circuit Court.

*Appeal from St. Louis Circuit Court.*

*Henry N. Hart,* for Appellant.

*H. B. Lighthizer,* for Respondent.

WAGNER, Judge, delivered the opinion of the court

This proceeding was originally instituted in the Probate Court by the plaintiff against the defendant, who was administratrix of the estate of Patrick Doyle, deceased, charging her with concealing and embezzling certain assets belonging to that estate. The cause was tried in the Probate Court,

where judgment was rendered for the defendant, and the plaintiff appealed to the Circuit Court where, at Special Term, the appeal was dismissed, on the ground that the statute did not allow an appeal in such a case. The plaintiff then took the case to the court in General Term where the judgment at Special Term was reversed, and the defendant has brought the case here.

By section 7 of the statute (1 Wagn. Stat., p. 85,) under which this proceeding originated, it is declared, that "if the executor or administrator, or other person interested in any estate, file an affidavit in the proper court stating that the affiant has good cause to believe, and does believe, that any person has concealed or embezzled any goods, chattels, money, books, papers or evidences of debt of the deceased, and has them in his possession or under his control, the court may cite such person to appear before them, and compel such appearance by attachment and examine him and other witnesses on oath for the discovery of the same."

Section 8 provides that "if any person interested in any estate, file a like affidavit against an executor or administrator, the court shall have the same power to cite him and compel his appearance and examination as in case of other persons."

Section 10 prescribes the mode of procedure, and says, that "if any person charged and cited as aforesaid, shall appear and, in his answer to the interrogatories deny the truth of the facts alleged in the affidavit, the issue shall be tried by a jury, or, if neither party require a jury, by the court, in a summary manner, and judgment shall be rendered according to the finding, and for costs."

It is observable that the issue is regularly tried by a jury, or by the court, at the election of the parties, and upon the verdict a judgment is rendered followed by costs, in the same manner as in other actions where a final judgment is given.

Now the statute in reference to appeals under the administration law declares, that "appeals shall be allowed from the decisions of the court having probate jurisdiction to the Circuit Court, in the following cases:" First, on all demands

against an estate exceeding ten dollars; second, on all settlements of executors and administrators; third, on all apportionments among creditors, legatees or distributees; fourth, on all orders directing the payment of legacies, making distribution, or making allowances to the widow; fifth, on all orders for the sale of personal estate because distribution cannot be made in kind; sixth, on all orders for the sale of real estate; seventh, on judgments for waste; eighth, on proceedings to recover balances escheated to the State; ninth, on all orders revoking letters testamentary, or of administration; tenth, on orders making allowances for the expenses of administration; eleventh, on orders for the specific execution of contracts; twelfth, on orders compelling legatees and distributees to refund, and in all other cases where there shall be a final decision of any matter arising under the provisions of this law. (See Wagn. Stat., 119, § 1.)

The section under which the issue is tried provides for a judgment and costs to be rendered upon the finding of facts. This is certainly as much a final determination of the matter in controversy, as any of the specific orders, judgments or decrees referred to in the first section in regard to appeals. But the twelfth clause is general, and applies to all other cases where there shall be a final judgment touching any matter arising under the administration law. This case is a matter arising under that law, and upon a finding of the facts a final judgment is rendered, together with costs. If this judgment was permitted to stand unappealed from, and unreversed, it would be conclusive and final between the parties. It differs wholly from an annual settlement, which is made by the administrator from time to time, and is nothing but a mere continuation of the affairs touching the administration, and is not conclusive till a final administration is reached. But should an attempt be made to investigate this subject upon a final settlement, the administratrix would meet the attempt, and meet it successfully I think, by pleading the judgment obtained in her favor in bar.

In my opinion it is one of the final judgments contemplated by the statute, and that the right of appeal is clearly given.

Wherefore the judgment at General Term should be affirmed. All the judges concur.