Wilson, J.,
delivered the opinion of the court.
Appellee, as administratrix of the estate of H. E. Wright, deceased, presented to the county court of Ouray county, sitting for the transaction of probate business, a petition supported by affidavit which recited among other things that George L. Wright, the appellant, and Milton Moore were *471 partners of the deceased, H. E. Wright, at the time of his death in the working and development of the 'Grizzly Bear lode, situated in said county; that said decedent was interested to the extent of an undivided one-third interest in a certain bond and lease which was held by him and said parties upon said lode, and which for the convenience of the parties was held in the name of appellant; that after the death of decedent, appellant and Moore continued to work and develop said lode, and to extract therefrom and sell a large amount of valuable ore, and that they finally sold all the right, title and interest of the said partners in and to said lode; also, that decedent was the equitable owner of an undivided one-half interest in and to the Chief Deposit lode, the Highland Lassie lode, the Lillie M. lode, the Electra lode and millsite, the Esmeralda lode, the Itata lode and millsite, the Gladiator lode, the Richmond lode, the Hoosier Girl lode, and the Imogene water right, the record title to which was in the name of appellant; that neither the appellant nor the said Moore had made an inventory of the said partnership estate, nor had they filed a statement of the liabilities of the partnership, and prayed that a citation be issued requiring the said parties, appellant and Moore, to make and file the inventory and statement of the partnership business required by law. Thereupon, the court issued a citation, commanding the appellant and said Moore to appear before the court at a certain time, and show cause “ why they should not make an inventory and statement of the liabilities and business of the partnership business and affairs.” This was served upon appellant, but no service was had upon Moore, and he did not appear at any time in the proceedings. Appellant appeared and filed an answer, denying that any such partnership existed as set forth in the petition. To this, petitioner filed what was called a reply, which was however substantially a reaffirmance only of the matters set up in her original petition. Appellant then appeared and moved the court to dismiss the proceeding, on the ground that the issue presented, if any, was one of the existence of a partnership, and that the county *472 court, sitting for probate business, was without jurisdiction to hear and determine it. This motion was overruled. When the matter came up for hearing on the citation, the petitioner introduced a number of witnesses, and by their testimony attempted to show that the partnership did exist as alleged. Appellant, protesting against the jurisdiction of the court, refused to offer any evidence. Thereupon the court found that a partnership did exist between the deceased, appellant, and said Moore, in the management, operating, mining and development of the Grizzly Bear lode mining claim, and ordered that said parties, Wright and Moore, should within twenty days file with the court an “ inventory, statement and report of. said partnership business, assets, accounts and liabilities, as is required by law, showing a clear, full and complete exposition thereof.” Appellant appealed to the district court, and when the appeal came up for hearing in that court, moved for the dismissal of the proceedings upon the same ground as in the probate court. The motion was again overruled. Evidence was again heard on behalf of the administratrix, and the appellant again declining to offer any testimony, the court found as did the county court, that a partnership existed between the deceased at the time of his death, and the appellant, for the working, development and sale of the Grizzly Bear lode mining claim, and ordered that within twenty days the appellant as surviving partner file “ a report with the county court of Ouray county, showing the condition of such partnership as it existed on the 7th day of July-, 1895, the amount of all moneys received on account of such partnership growing out of the operation of, or sale of, the Grizzly Bear lode mining claim, or any disposition which may have been made of it, as well as of moneys disbursed for and on account of the partnership connected with the operation of said mine in any way properly chargeable to it, from the 7th day of July, 1895, to the 17th day of December, 1895.” From this judgment and decree, George L. Wright appeals to this court.
*473 We think that there was error in the proceedings and decrees of both courts on several grounds.
First. Moore was not served with the citation, and did not appear in court. The petition was the basis of the proceedings. It alleged that a partnership relation in the operation of certain mining property existed between the deceased, the appellant, and Moore. When the court undertook to hear and determine the question as to the existence of this partnership, affirmed on the one side and denied on the other, it undertook to settle and determine the rights of all parties, including Moore, to this property. It needs no argument in support of the proposition that the court was without jurisdiction in this manner to determine the rights of Moore, who was not before the court, and if it was without jurisdiction as to him, it was equally so as to all the parties concerned.
Second. It is equally clear to us that the county court sitting for the transaction of probate business was without power and authority to determine the rights of any of the parties in the manner attempted. The petition was based upon a statute adopted in 1885, providing for the duty of surviving partners in respect to partnership property. Laws, 1885, p. 285. The first section required that the surviving partner should make a complete inventory of the copartnership estate and a full and complete list of the firm liabilities at the time of the death of the deceased partner, and should cause the estate to be appraised in like manner as the individual property of the deceased person. The second section required this inventory, list of liabilities, and appraisement to be filed in the county court within sixty days after the death of the copartner, and provided that upon his neglect or refusal to make such return, he should, after citation, be liable to attachment. The third section provided that he should have a right to continue in possession of the effects of the partnership, pay its debts out of the same, and that he should, upon demand made by the executor or administrator, settle its business. It further provided that upon the application of the executor or administrator, the county court might, whenever *474 it appeared necessary, order such surviving partner to render an account to the court, and in case of neglect or refusal, might, after citation, compel such action by attachment. This statute did not confer any additional authority or powers upon the surviving partner. Under the law as it existed without the statute, he was entitled to hold possession of the partnership property, and with it pay the partnership debts. It was only after the estate was wound up that he could be required to pay or turn over to the representatives of the deceased the net assets. The statute, however, did impose upon him some additional burdens. Prior to its enactment, if he was mismanaging or wasting the estate, the only remedy which the representatives of the deceased had was by bill in equity to secure the appointment of a receiver. As he held possession of the partnership property, however, only as a trustee for the benefit of the decedent’s estate, after the partnership affairs were wound up and its liabilities discharged, it is apparent that the lawmaking powers rightfully thought it proper that he should be compelled to make some report of his acts as to the partnership property, to the court in which the individual property of the deceased was being administered, so that the court and the heirs of the decedent might be properly advised, and might be informed as to whether the business was being judiciously conducted and managed. This evidently was the intent of the legislature in enacting this statute. First, it was required that an inventory of the partnership estate and a statement of its liabilities should be filed, so that the heirs, creditors and the court might be advised as to its probable condition of solvency ; second, he was required to report from time to time so that the parties interested might ascertain whether the property was being managed with that care and prudence required when the interests of decedents’ estates are involved. It was evidently under the second section of this act that the attempt was made to institute proceedings in this case. It could not have been under the third section, because the antecedent acts, the filing of the inventory, the making of the *475 appraisement, and the statement of the liabilities, had not been performed. It cannot be contended, however, that any of these sections applied to a partnership other than one the existence of which was admitted and conceded. Proceedings for the administration of the estates of deceased persons, and for their distribution, are purely statutory. The county court, sitting as a court of probate, has no other powers than those given to it by the statute, and such incidental powers as pertain to it for the purpose of enabling it to exercise the jurisdiction which is conferred upon it. Buckley v. Superior Court, 102 Cal. 8; In re Haas, 97 Cal. 232. By virtue of the statute under consideration, the court has the power to compel a surviving partner to file an inventory, and otherwise comply with its requirements, but it is not an incident to that power to determine the disputed question as to whether a partnership actually existed. The determination of this question involves the consideration of many intricate and vexatious questions of law and fact, and it is not to be supposed that it was intended to invest the probate court with power in this summary manner to dispose of them. It involved the determination of the rights of property, for which the parties were entitled to a trial in a court of competent jurisdiction, and in a proper manner. The case at bar was in reality a dispute between the administratrix representing the heirs of the estate, and strangers, as to the title to property. The mere allegation in the petition that a partnership existed did not deprive the appellant of the right to have the matter adjudicated in a proper manner. As to this matter, the appellant was a stranger, and it is well settled that a probate court is without jurisdiction to try title to property, as between the representatives of an estate and strangers. Schouler, Executors and Administrators, § 236; Lynch v. Divan, 66 Wis. 490; Snodgrass v. Andrews, 30 Miss. 472; Theller v. Such, 57 Cal. 447; Stewart v. Lohr, 1 Wash. 341.
We conclude therefore that the probate court was without power or authority to try and determine the question of the existence of the partnership alleged, and it must be of course *476 conceded that if such was the ease, the district court was also without jurisdiction.
In view of the fact that the final settlement of this estate cannot probably be had until the rights attempted to be adjudicated in these proceedings are determined,we suggest in the interest of a speedy termination of litigation, which is important in the administration of estates of deceased persons, that the proper practice would be to have first settled the question whether or not the alleged partnership did exist. This should be done by a suit in equity, to which all necessary persons in interest should be made parties and brought into court. If the question should be decided in the affirmative, then the interest of the decedent in the partnership would also be ascertained and determined, and thereafter the administratrix might if necessary avail herself of the provisions of the special statutes of 1885, above referred to.
The order of this court will be that the judgment be reversed, and the cause remanded to the district court with instructions to revote its order, to dismiss the proceedings, and discharge the defendant.

Reversed.