[No. 3623.]

DURST, ADMINISTRATOR, v. HAENNI ET AL.

1. APPEAL—*Final Judgment—What Is.* Parties interested in the estate of a decedent presented in the county court a petition under sec. 7253 of the Revised Statutes, against the administrator and one H., setting forth that a certain promissory note executed by the administrator, secured by a recorded deed of trust, and in possession of H., was the property of the estate, and. requiring the administrator to show cause why he should not inventory the same. H. produced the papers and deposited them with the court. The administrator answered denying that the note was any part of the assets of the estate, and averring that it was given in evidence of a contemplated loan by the decedent, never consummated. The answer was in the individual capacity and

not as administrator. Judgment was given in the county court, "that said petition be sustained," and requiring the administrator to "file an additional inventory" including the promissory note. *Held*, that though outside the contemplation of the statute, and beyond the jurisdiction of the court, the judgment was an adjudication of the title, and a final judgment, from which an appeal lay to the district court.

CUNNINGHAM, P. J., dissented.

2. STATUTE—*Construed.* The purpose of sec. 7253 of the Revised Statutes is to aid in the discovery of property pertaining to the estate of deceased persons, and incidentally to perpetuate testimony. It has no other purpose. Where, by proceedings under the statute, a certain secured promissory note of the administrator asserted to pertain to the estate had been deposited with the court, it was *held* that the purpose of the statute was fulfilled; that the administrator should then have been discharged, and some proper person appointed to take charge of the note and securities and institute an action against the administrator to determine the validity thereof, the ownership, and the amount due thereon.

*Appeal from Chaffee District Court.* HON. LEE CHAMPION, Judge.

Mr. G. K. HARTENSTEIN, for appellant.

Mr. CHARLES J. MUNZ, and Messrs. MURRAY & INGERSOLL, for appellees.

MORGAN, J.

Appeal from a judgment of a district court, dismissing an appeal from a judgment of a county court, sitting in probate, entered upon a petition by certain persons interested in the estate of John Haenni, deceased, requesting that the administrator and another be ordered to show cause why the administrator should not inventory a certain promissory note payable to Haenni, and signed by Durst prior to Haenni's death, which Durst, as administrator, had not listed in his inventory. The judgment and order favored the petitioners, and Durst appealed to the district court, and this appeal by him is from the judgment of the district court.

The petition states that G. K. Hartenstein has the note and a duly recorded deed of trust given to secure it in his possession, "executed by one Gabe Durst," and "that your petitioners are informed and believe that such note and deed of trust are the property of the estate of the deceased and are evidence of an indebtedness of the said Gabe Durst to the estate of the said deceased * * * for funds loaned and advanced by said John Haenni to said Gabe Durst."

A citation was issued thereupon to Hartenstein and Durst. The former answered by turning over to the court the note and deed of trust. Durst answered in writing, as respondent, denying the petition, and stating that "he denies that the said note mentioned in the said petition is a part of the assets of the estate of the said John Haenni, deceased, and denies that the said estate has any interest, right or title to said note or in the said trust deed in said petition mentioned and described."

He states further that the note and deed of trust were never delivered, but were left in the possession of Hartenstein, his attorney, to deliver to Haenni as soon as a loan was concluded that Haenni was negotiating to Durst, and that the loan had been abandoned. This answer was entitled "In the Matter of the Estate of John Haenni, Deceased. Answer of Gabe Durst, Respondent." It is signed "Gabe Durst, Respondent," and verified by him as an individual. The petitioners replied, denying all new matters set up in the answer. The county court heard the testimony on the issues thus joined. The petitioners introduced in evidence the note and deed of trust and other testimony concerning the recording of the deed of trust. The respondent, Durst, introduced considerable evidence to prove the facts stated in his answer. The court thereupon entered the judgment and order from which Durst, the administrator, appealed to the district

court under sec. 7254, Rev. Stat., which is substantially as follows:

"All questions of law and fact relating to probate matters or arising in proceedings under this act, in any county, shall be determined by the county court of such county, and from any and all final judgments or decrees upon any such questions, appeals or writs of certiorari shall lie to the district court of the same county, and from the district court to the court of appeals or supreme court."

Now, if the judgment of the county court appealed from is a final judgment, as contemplated by this statute, the judgment of the district court should be reversed, otherwise affirmed. To determine this question, it is necessary to examine the judgment of the county court, together with the petition, the answer and the reply, upon which it is based.

The judgment and order are substantially as follows:

"Citations having been heretofore issued in this matter as prayed in said petition, directed to Gabe Durst and G. K. Hartenstein, Esq., his attorney, requiring them to appear in open court and show cause why the prayer of said petitioners should not be granted and allowed: * * *

"And the court having duly considered the testimony adduced, both oral and documentary, and the arguments of counsel heretofore submitted, and carefully and fully examined the written briefs filed in this matter, and being now well and fully advised in the premises, doth find as follows:

"That it appears * * * the administrator has failed to list in the inventory filed herein as the property of the estate of said John Haenni, deceased, one certain promissory note * * * secured by deed of trust duly recorded as above shown and set forth.

"Therefore, it is ordered by the court that said petition be, and the same hereby is sustained, and Gabe Durst, administrator,     *    *    *    is required to file an additional or amended inventory including the property last above named and specified, and any and all other property that may have come into his hands belonging to said estate."

Section 7253, Rev. Stat., under which the proceeding arose, is substantially as follows:

"If any person interested in the estate of any deceased person complains to the county court in writing that any person   *   *   *   has in his possession or knowledge   *   *   *   any claim or demand   *   *   *   of the deceased, the said county court may cite such person to appear before it and may examine him on oath upon the matter of such complaint. If the person cited refuses to appear and submit to such examination or to answer such interrogatories as may be put to him touching the matter of such complaint, the court may, by warrant for that purpose, commit him to the common jail of the county, there to remain in close custody until he submits to the order of the court."

When the appeal from the county court reached the district court, it was dismissed, and the judgment of the county court was thereby left undisturbed. The district court dismissed the appeal for the reason that the order appealed from was to the respondent in a representative capacity, and not personally, and was merely an interlocutory order in the course of administration, and not appealable under sec. 7254, *supra*.

The judgment of the county court states that the administrator "has failed to list as the property of the estate of John Haenni, deceased, one certain promissory note," and, further, that "said petition be, and the same hereby is, sustained, and Gabe Durst, administrator, is required to file an additional or amended inventory in-

cluding the property last above named and specified, and any and all other property that may come into his hands belonging to said estate.''

The petition charged that Hartenstein had in his possession a note given by Durst belonging to the estate, Durst denied that the estate had any interest in the note, and the petitioners replied, denying the new matter in Durst's answer. On this issue the case was tried. The judgment states that the citation ran to Hartenstein and Durst. Durst answered as respondent, and not merely as administrator, and although he commences his answer in these words, ''Comes now, Gabe Durst, administrator of the said estate,'' he does not say "*as* administrator."

The judgment of the county court is, (1) that the petition is sustained. (2) That the administrator has failed to list as the property of the estate one promissory note. (3) That the administrator inventory the same as belonging to the estate. This was a final adjudication of the matters in issue, and required no further proceedings or order of the court to put it into effect. It was not a judgment or order merely requiring the administrator to inventory property admitted and conceded to be the property of the estate. It was an adjudication of the issue of ownership and an order to inventory the property as the property of the estate. If it had been a proceeding to require the administrator to file an original inventory, or to correct, amend, or even add to, his original inventory, it would not have been brought under the statute above named. But if it had been under any other statute, and the same issues joined, and the same judgment rendered, it would have been a final judgment.

This statute was enacted for the purpose of discovering property belonging to the estate, and, incidentally, to perpetuate testimony concerning the same, and for no other purpose.—2 Woerner on the American Law of Administration, sec. 325, p. 681.

Although the issues joined and the judgment rendered were outside the contemplation of the statute under which the proceedings arose, or of any other statute, concerning probate proceedings, and beyond the jurisdiction of the probate court, as has been distinctly held in the case of *Wright v. Wright,* 11 Colo. App., 470, in which case the court treated the judgment as appealable; yet, as Woerner, in his work aforesaid, says:

"If it be found that the tribunal is one competent to decide whether the facts in any given matter confer jurisdiction, it follows with inexorable necessity that, if it decides that it has jurisdiction, then its judgments, within the scope of the subject matters over which it has authority extends, in proceedings following the lawful allegation of circumstances requiring the exercise of its power, are conclusive against all the world, unless reversed on appeal, or avoided for error or fraud in a direct proceeding. It matters not how erroneous the judgment: being a judgment, it is the law of that case, pronounced by a tribunal created for that purpose. To allow such judgment to be questioned or ignored collaterally would be to ignore practically, and logically to destroy, the court."—1 Woerner, sec. 145.

Mr. Woerner says, concerning final and interlocutory judgments of this character, after a review of the authorities:

"It is deducible from the decisions on this subject, as a general principle, applicable to most cases in the absence of statutory provisions directing otherwise, that any order, judgment, or decree of the probate court capable of being enforced, or taking effect without further order, may be appealed from; and that no action of the probate court can be appealed from which requires a subsequent order or judgment to give it effect."—2 Woerner, sec. 454, p. 1199.

In the case of *Clemes v. Fox*, 6 Colo. App., 377, 387, it is said, concerning an order entered upon objection filed to the disallowance of a credit to himself by the administrator:

"The order must be taken to be a final judgment and conclusive upon the administrator and the claimant. It seems to come according to its effect, although possibly not by reason of its exact and appropriate terms, entirely within a well-considered class of cases which hold conclusions of this description, which in their nature and their substance are final, to be final judgments, although they do not come technically within the general definition.—*Ex parte Spencer*, 95 N. C., 281; *Hemphill v. Collins*, 117 Ill., 396; *Trustees v. Greenough*, 105 U. S., 527; *Williams et al. v. Morgan et al.*, 111 U.·S., 684.

"There are many decisions of a similar nature, but these serve to illustrate the line on which the courts have proceeded. The question underlying all of the cases which consider the subject of the finality of the judgment is, did that which the court entered determine a matter disputed between the parties so that it is no longer open to contention? We must conclude the order of the county court disallowing the item did, as between the creditors and the administrator, directly decide the legitimacy of this expenditure and the legality of the charge. When the appeal was taken to the district court as to that portion of the order, it must be accepted as an appeal from a final judgment, which gave to the district court the right to try it *de novo* and impart to whatever judgment it rendered the character of finality which warrants its review in this court."

In *Standley v. Manufacturing Co.*, 25 Colo., 376, 379, it is said:

"A judgment which fixes the rights of the parties in the action in which it is rendered, and leaves nothing further to be done before such rights are determined, is

final.—*Lipe v. Fox et al.,* 21 Colo., 140; *Dusing v. Nelson,* 7 Colo., 184; *Daniels v. Daniels,* 9 Colo., 133. In the latter case, the court quotes with approval from *Sharon v. Sharon,* 7 Pac. Rep., 456, as follows: 'A final judgment is not necessarily the last one in an action. A judgment that is conclusive of any question in a case is final as to that question. The code provides for an appeal from *a* final judgment, and not from *the* final judgment in an action.' So that the real test to apply is, that if the judgment pronounced is in the nature of a final one, and is such upon the question adjudicated, then it becomes such; or, otherwise stated, where the judgment pronounced is final of the rights of the parties on the questions therein involved, and settled, and separable from any other that may be rendered in the action, it is as to such questions a final judgment.—*Trustees v. Greenough,* 105 U. S., 527; *Guarantee T. & S. D. Co. v. Phila. R. & N. E. R. Co.,* 38 Atl. Rep., 792; *Farmers' Loan & Trust Co., Petitioner,* 129 U. S., 206.''

As the county court assumed jurisdiction to determine the right of property, decisions, holdings such judgments to be final, are quite applicable from those states that give probate courts such jurisdiction by statute. In those states, appeals are quite numerous in such matters, and the judgments are universally held final.

In *Ruff v. Doyle, Admx.,* 56 Mo., 301, a judgment was entered in a probate court in a proceeding under a statute permitting citations against an administrator, and providing for a trial of the right of property claimed by the administrator, and allowing appeals in all cases ''where there shall be a final decision of any matter arising under this law,'' and the court held a judgment therein to be final and appealable.

In *Martin v. Martin,* 170 Ill., 18, a judgment was entered in a probate court, in a proceeding instituted under secs. 80 and 81, Illinois Statutes, to try the right of prop-

erty claimed by the executrix, and on appeal by the petitioner to the district court the latter court entered judgment against the executrix. She took the matter to the court of appeals, and from its judgment an appeal was taken to the supreme court. The opinion states:

"It is first contended by plaintiff in error that the motions made in the circuit court to dismiss the appeal should have been sustained, because the order of the county court appealed from was not a final order, and because the court had not acquired jurisdiction to adjudicate upon her individual rights. * * * The proceeding under these sections is to a large extent informal. No provision is made for an answer, or any pleading further than a statement on oath, and no formal particularity is required to give the court jurisdiction.— *People v. Sennott,* 134 Ill., 72. Plaintiff in error, against whom the amended petition was directed, did not formally answer the charge against her, but there was a hearing before the court where she was represented, and she succeeded in establishing her claim to the individual ownership of the securities. * * * The order found that the securities were not the property of the estate, but were her individual property. That was the end of the proceeding and a final determination of the issue raised by the amended petition, so far as the county court was concerned. The order was a final one, from which an appeal could be taken."

It is contended by appellees that a different doctrine is announced in the case of *Simms v. Guess,* 52 Ill. App., 543, where the court held a judgment interlocutory, only, which required an administrator to correct his inventory and add to it property that he claimed himself. This case was before the court in *Martin v. Martin, supra,* but not referred to in the opinion. The proceeding was upon exceptions to the original inventory, and not under such a statute as that in the case of *Martin v. Martin,*

*supra,* nor such as that involved in the instant case. The opinion is based on the statement therein that the order was "not an adjudication of the right of property."

If the proceedings in this case had been for the purpose of requiring the administrator to file an original inventory or to correct or amend his inventory, or to require him to add to such inventory, or file an additional one including property belonging to the estate which was admitted and conceded to be the property of the estate, then, in such a proceeding, an order upon the administrator would have been interlocutory and not final, because the right of property would not have been determined, and it would have been such an order as the district court in this case considered the county court had made; but an examination of the petition, the individual answer of the respondent Durst, the reply thereto, and the judgment entered, discloses an entirely different proceeding. And even if the county court had done nothing more than to merely order the administrator to file the amended inventory and 'to include the property in dispute, it would still have been a final order, because, as a condition precedent to making such an order, the court would have been compelled to determine the right of property. The issues were joined against Durst in his individual capacity as well as in his representative capacity, as very plainly appears from his answer and from the evidence introduced.

Appellees claim the petition asked only that the note be inventoried, but, as was done by the amended petition in the *Martin v. Martin* case, the answer of Durst, in this case, as respondent, denying the ownership by the estate, made a different issue, a different issue was tried, and a judgment was entered on the issue that was tried.

In *May v. Leighty,* 36 Ill. App., 1, relied upon by appellees, the court said:

"In connection with these notes as listed in the inventory, there is this statement made by the administrator: 'These notes the payors insist they are not liable for as the same were not to be paid unless demanded by payee in his lifetime.' It is not claimed that this or anything of like import appears on the notes or in any way attached to them.    *    *    *

"The administrator, *prima facie* at least, owed the estate four notes, which he had inventoried. When he made his report, he credited himself with these four notes, claiming he was not liable to pay them. The county court, instead of disallowing the credit as it should have done, adopted the anomalous proceeding of entertaining an exception to the credit by some of the heirs, and proceeded to try the question of the liability of appellant on these notes upon a hearing of such exception.    *    *    *

"Where a claim against the administrator has been inventoried, and he becomes *prima facie* chargeable with the amount of the demand, upon his petition, the county or probate court would be justified in appointing some competent person administrator *pro tem.*, with authority to bring suit against the administrator as an individual, and prosecute it to final judgment.    *    *    *

"The proceeding that was had in this case did not admit of any written pleadings and formation of defined legal issues. The issue that was sought to be made was not the real issue tried. The only direct issue sought to be made was whether May, as administrator, was entitled to a credit for the amount of his notes, which was not a question to be submitted to a jury, while the real issue was his liability, as an individual, upon these notes to the estate, which was an issue triable by jury.

"The judgment of the circuit court was much broader than the only issue which could be legally evolved out of the case as it was presented would warrant.

"The judgment of the circuit court is reversed, and

the cause remanded to the circuit court with directions to reverse the action of the county court and direct the county court to disallow the credit claimed by the administrator and appoint an administrator *pro tem.* to bring suit against Warren May on the four notes and prosecute the same to final judgment.''

In the case of *Wright v. Wright, supra,* the court concludes that any attempt on the part of the probate court in this state, in proceedings of this character, to pass upon the right, or ownership, of property and to require property to be inventoried about which there is a dispute as to the ownership, is clearly outside and beyond the jurisdiction of such court; but this in no way interferes with the conclusion upon the question as to whether a judgment in such an instance is final or interlocutory, because the judgment was in fact entered, whether the court exceeded its jurisdiction in entering it or not.

In *Wright v. Wright, supra,* a citation was issued upon a petition, requiring a surviving partner of an intestate to show cause why he should not make an inventory and file a statement of the partnership affairs, under a statute similar in character and purpose to sec. 7253, *supra.* He appeared and denied that a partnership existed, and moved for a dismissal on the ground that the court had no jurisdiction to try the issue as to the existence of a partnership. The motion was overruled, and the court, on petitioner's evidence alone, found that a partnership existed, and ordered the inventory and statement to be made. On appeal to the district court, the same order was made. On appeal to the court of appeals, it was decided that ''a county court, sitting for the transaction of probate business, was without power and authority to determine the rights of the parties in the manner attempted,'' and held that the statute under which

the proceeding arose applied only to a partnership that was admitted and conceded, and the court said:

"We conclude therefore that the probate court was without power or authority to try and determine the question of the existence of the partnership alleged, and it must be, of course, conceded that if such was the case, the district court was also without jurisdiction.

"In view of the fact that the final settlement of this estate cannot probably be had until the rights attempted to be adjudicated in these proceedings are determined, we suggest in the interest of a speedy termination of litigation, which is important in the administration of estates of deceased persons, that the proper practice would be to have first settled the question whether or not the alleged partnership did exist. This should be done by a suit in equity, to which all necessary persons in interest should be made parties and brought into court. If the question should be decided in the affirmative, then the interest of the decedent in the partnership would also be ascertained and determined, and thereafter the administratrix might if necessary avail herself of the provisions of the special statutes of 1885, above referred to."

It is therefore determined that when the note and deed of trust were turned over to the court by Hartenstein, and the ownership thereof by the estate was denied by Durst, the purpose of the proceeding was fulfilled, and the respondent should have been discharged, and some discreet person appointed and directed to take charge of the note and deed of trust, and to enter an action in a court of competent jurisdiction against Durst to determine the validity of the note and deed of trust, the ownership thereof, and the amount due, if anything, thereupon; and thereafter, if such action were successful, the judgment or the amount recovered could be inventoried as the property of the estate.

The judgment of the district court is therefore reversed, with directions to discharge the respondent at the cost of the estate, and for further proceedings in the county court within its jurisdiction.

*Reversed, With Directions.*

KING and HURLBUT, JJ., concur.  CUNNINGHAM, P. J., dissents.

———

Dissenting opinion by CUNNINGHAM, Presiding Judge:

I am unable to agree with the majority opinion, and inasmuch as that opinion, if permitted to stand, will constitute a rule of practice in this state, I regard it as of sufficient importance to justify my expressing, as briefly as possible, the reasons which impel me to dissent.

I shall not analyze the array of authorities cited and copiously quoted from in the original opinion, since to do so would unduly prolong my opinion. However, I am confident that a careful analysis of these quotations, together with special statutes on which, in some instances, they are based, will clearly demonstrate that not one of these authorities supports the conclusions arrived at in the majority opinion, unless, perhaps, it be the case of *Wright v. Wright,* 11 Colo. App., 470, which ought not to be considered as controlling in view of the fact that it does not appear that the principal question here involved, namely, whether the judgment in this case is or is not appealable, was pressed upon the attention of the former court of appeals in that case, or even adverted to.  The opinion in the Illinois cases can have no possible bearing, in view of the fact that the Illinois statute is substantially different from our own.  The sections referred to, I think, are numbers 81 and 82, instead of 80 and 81.  They so appear in Starr & Curtis's Annotated Statutes of Illinois, issued in 1885.  Section 81 of the

Illinois act provides, *inter alia,* that the court may examine the person cited, on oath, "and hear the testimony of such executor and administrator *and other evidence offered by either party, and make such order in the premises as the case may require."* No such authority is cast upon or vested in the probate court by our act. The following is section 82 of the Illinois act in full:

"If such person refuse to answer such proper interrogatories as may be propounded to him, *or refuse to deliver up such property or effects, or in case the same has been converted, the proceeds or value thereof,* upon a requisition being made for that purpose by an order of the said court, such court may commit such person to jail until he shall comply with the order of the court therein."

It will be seen that the Illinois act gives the probate court authority to require the delivery of the property or effects in question, or in case the same has been converted, judgment may be entered for the proceeds or value of the property so converted, and the court may commit the person to jail until he shall comply with the order or judgment of the court. No such authority is found in our act. Our statute simply permits the probate court to commit the party cited, *if he shall fail or refuse to submit to an examination or to answer interrogatories.* But it is admitted, over and over, in the majority opinion that the probate court in the instant case had no authority whatever to enter the order it did enter, namely, requiring the defending administrator to list the note in his inventory of the assets of the estate. In other words, the majority opinion admits that the probate court was absolutely without jurisdiction of any sort to make the order it did make. The court having no jurisdiction or authority to enter such judgment, then the parties appearing before it could not, by their pleadings and the proof, confer such jurisdiction.

A judgment rendered under such circumstances being a nullity may be collaterally attacked by any person interested whenever and wherever it is brought in question.—*Trowbridge v. Allen,* 48 Colo., 419; *Empire R. & C. Co. v. Coldren,* 51 Colo., 122.

It was said in *Coulter v. Routt Co.,* 9 Colo., 267, quoting from Judge Cooley:

"When a statute is adjudged to be unconstitutional it is as if it never had been.  *  *  *  It constitutes protection to no one who has acted under it, and no one can be punished for having refused obedience to it before the decision was made.".

What is true of a void statute must necessarily be true of a void judgment. It therefore follows that Durst could, in any proceeding anywhere, whenever and wherever the same might be brought, have repudiated the void order of the probate court directing him to inventory the note. It is illogical to say that a judgment with no validity whatever, and which may be ignored with perfect impunity, under all circumstances, requires that the party against whom it purports to run should take an appeal therefrom, or be bound thereby. Durst, when the order was entered, had at least three remedies other than by appeal: (a) finding his interests in probable conflict with those of the estate, he might have resigned as administrator; (b) he might have complied with the order, noting that he did so under protest; (c) he might have refused absolutely to comply with the order of the court, and, if committed for contempt, sued out a writ of habeas corpus and summarily tested the question here presented on appeal, namely, the validity of the probate court's order.

"A void judgment is in legal effect no judgment. By it no rights are vested; from it no right can be obtained. Being worthless in itself, all proceedings upon it are equally worthless. It neither binds nor bars any-

one. All actions performed under it, and all claims flowing out of it are void. The parties attempting to enforce it may be responsible as trespassers. The purchaser at a sale by virtue of the authority of it finds himself without title and without redress. * * * If it be null, no action upon the part of the plaintiff, no action upon the part of the defendant, no resulting equity in the hands of a third person, no power residing in any legislative or other department of government, can vest it with any of the elements of power or vitality."—Freeman on Judgments (4th Ed.), sec. 117.

Section 240 (R. S.) of our code thus defines a judgment:

"A judgment is the final determination of the rights of the parties in the action or proceeding."

I confess that I am unable to understand how it can logically be contended that a void judgment is "the final determination of the rights of the parties in the action or proceeding," especially in view of the holding of our supreme court, to which I have already directed attention, permitting such judgments to be attacked whenever and wherever they are brought in question. It would seem to me that under our code, whatever the authorities may be elsewhere, any order of the court that did not, because of its invalidity, determine the rights of the parties finally or at all, was no judgment, and therefore could not be appealed from.

I cannot agree with the views expressed by my brethren that the order of the trial court directing that the note be inventoried was a determination of the title to the note, first, because the order, when properly read, does not purport to determine that question, and second, an absolutely void order can determine nothing. No execution could have been issued upon this order. The trial court could have committed the administrator for contempt, but this does not even indicate that the judgment

was final. *Legally,* if it did so, it would have been an excessive and tyrannical exercise of authority (for which the law provides ample remedy other than by appeal) quite as much as if the trial court had pronounced the death sentence upon him, and ordered his immediate execution. I am unable to discover any legal distinction between the order made in this case and an order made requiring the administrator to inventory property admittedly and concededly the property of the estate. My brethren appear to think such a distinction exists, and admit that in the latter case the judgment or order of the trial court would not be final. Very properly it is stated in the majority opinion that, "this statute was enacted for the purpose of discovering property belonging to the estate, and incidentally, to perpetuate testimony concerning the same, and for no other purpose." Whatever the probate court attempted to do, therefore, after the coming in of the defendant's answer, had no more force and effect, and possessed no more virtue, than would a purported decree of a justice of the peace attempting to dissolve the bonds of matrimony. To hold that an appeal in this case was necessary, or even permissible, is just as illogical as to hold that an appeal from a purported decree of a justice of the peace in a divorce case was necessary, and unless taken would operate as a valid divorce. It is said in the majority opinion: "This was a final adjudication of the matter in issue and required no further proceeding or order by the court to put it into effect." My answer to this is that you cannot put nothing into effect, and, in contemplation of law, the order of the trial court, being absolutely void, was nothing.

"No writ of error will lie, and no appeal can be taken from a void judgment."—*Levan v. Richards,* 4 Idaho, 671.

"The final decree rendered in this case is void upon

its face, but no execution could have been issued thereon, and it might have been vacated by the probate court on motion.   Consequently no appeal will lie from the decree.''—*Hays v. Cockrell,* 41 Ala., 87; *McMillan v. City of Gadsden,* 39 So., 569; *Leslie v. Tucker,* 57 Ala., 486; *David v. David,* 56 Ala., 49; *Pettus v. McKinney,* 56 Ala., 41; *Adams v. Wright,* 129 Ala., 305; 30 So., 574; *Wertheimer v. Ridgeway,* 157 Ala., 398; *Campbell & Martin v. Chandler,* 37 Tex., 33; *Alexander v. Segee et al.,* 101 Me., 561.

The weight of authority may be, probably is, against my contention that a void judgment is not appealable, but the authorities are all in accord that an appeal is not necessary.   However this may be, no appeal from a void judgment should be entertained unless the record shows a motion by the complaining party in the court from which the void judgment emanates calling the court's attention to the invalidity of the judgment and its want of jurisdiction, and praying that the same be vacated.—*In re Armstrong,* 76 N. Y. S., 40.

No such motion was filed in this case, nor does it appear from the record that the jurisdiction of the county court to enter the order appealed from was ever challenged.

Further, to my mind it appears absurd to hold that the administrator had a right to appeal from the order of the probate court to the district court, but that the district court on such appeal had no discretion in the matter whatever, but must of necessity discharge the respondent. No trial *de novo,* therefore, can be had on such an appeal, even under the conclusions reached by my brethren. The proper procedure in this case, as I view it, has been established by the Michigan supreme court in *Palmer v. Peck,* 90 Mich., 1; 50 N. W., 1086.

The judgment of the trial court should be affirmed, but in affirming it this court would but discharge its duty

by calling the attention of the probate court to the nullity of its order.

In *Walker v. Green, ante* 154, 128 Pac., 855-7, recently decided by this court, it appears clearly that we have held that the voluntary listing of property as the assets of the estate by the administrator is not binding upon him. *A fortiori* where the listing is *in invitum* it cannot bind the administrator.

In *Mitchell v. Bay,* 155 Mich., 550, 119 N. W., 916-18, it is held that an inventory is not conclusive either for or against an estate or an administrator, hence no harm necessarily results if items are not added. The contrary must be equally true, that to list in an inventory certain items, especially where the same is done pursuant to an order of the court, made over the protest of the administrator, is not conclusive for or against the estate or the administrator. The matter here under consideration being, as the majority opinion well states, based upon an application for discovery merely, or for the perpetuation of testimony, and for no other purpose, the order of the trial court to list the property, even granting that the court had power to make such an order, is incidental to the main proceeding, the settlement of the estate, and is purely interlocutory.—*Mitchell v. Bay, supra.*

To allow an appeal to the district court for the purpose of reviewing a proceeding of this sort would interminably procrastinate the settlement of estates, and operate as a most oppressive burden upon the public. This consideration of itself, were the question a doubtful one, should induce us to hesitate long before recognizing this remedy; but the true nature of the proceeding appealed from is, in my opinion, purely ancillary and limited in scope to the placing before the court of evidence pertinent and indispensable to a proper determination in another and proper proceeding of the title to the note in question.—*Irwin v. Ottawa,* 138 Mich., 271, 101 N. W., 537.

If the majority opinion shall stand, there is nothing to prevent parties hereafter from taking an appeal every time a proceeding like the one here before us is had in the probate court, and thus delay, for a sinister purpose perhaps, the final settlement of estates, and this notwithstanding the fact that on appeal to the district court, under the announcement of this court made in the instant case, that court must perfunctorily and as a matter of course do one thing (*can* do but one thing) namely, discharge the respondent—discharge him from an order (which the majority opinion, without warrant as I think, persistently refers to as a judgment) which this court finds to be an absolute nullity, and therefore void for every purpose, and which, under the authorities I have cited from the supreme court of this state, may be collaterally attacked by any person interested whenever and wherever it is brought in question.

I am fully persuaded that the reasoning of the majority opinion is unsound; that the judgment of the district court was entirely proper, and therefore ought to be affirmed.