Morgan, J.
Appeal from a judgment of a district court, dismissing an appeal from á judgment of a county court, sitting in probate, entered upon a petition by certain persons interested in tbe estate of John Haenni, deceased, requesting that tbe administrator and another be ordered to show cause why tbe administrator should not inventory a certain promissory noté payable to Haenni, and signed by Durst prior to Haenni’-s death, which Durst, as administrator, had not listed in his inventory. The judgment and order favored the petitioners, and Durst appealed to' the district court, and this appeal by him is from the judgment of the district court.
*433 The petition states that G. K. Hartenstein has the note and a duly recorded deed of trust given to secure it in his possession, ‘ ‘ executed by one Gabe Durst, ’ ’ and “that your petitioners are informed and believe that such note and deed of trust are the property of the estate of the deceased and are evidence of an indebtedness of the said Gabe Durst to the estate of the said deceased * * * for funds loaned and advanced by said John Haenni to said Gabe Durst.”
A citation was issued thereupon to Hartenstein and Durst. The former answered by turning over to the court the note and deed of trust. Durst answered in writing, as respondent, denying the petition, and stating that “he denies that the said note mentioned in the said petition is a part of the assets of the estate of the said John Haenni, deceased, and denies that the said estate has any interest, right or title to said note or in the said trust deed in said petition mentioned and described.” -
He states further that the note and deed of trust were never delivered, but were left in the possession of Hartenstein, his attorney, to deliver to Haenni as soon as a loan was concluded that Haenni was negotiating .to Durst, and that the loan had been abandoned. This answer was entitled “In the Matter of the Estate of John Haenni, Deceased. Answer-of Gabe Durst, Respondent.” It is signed.“Gabe Durst, Respondent,” and verified by him as an individual. The petitioners replied, denying all new matters set up in the answer. The county court heard the testimony on the issues thus joined. The petitioners introduced, in evidence the note and deed of trust and other testimony concerning the recording of the deed of trust. The respondent, Durst, introduced considerable evidence to prove the facts stated in his answer. The court thereupon, entered the judgment and order from which Durst, the administrator, appealed .to the district *434 court under sec. 7254, Bev. Stat., which, is substantially as follows:
“All questions of law and fact relating to probate matters or arising in proceedings under this act, in any county, shall be determined by the county court of such county, and from any and all final judgments or decrees upon any such questions, appeals or writs of certiorari shall lie to the district court of the same county, and from the district court to the court of appeals or supreme court. ’ ’
Now, if the judgment of the county court appealed from is a final judgment, as contemplated by this statute, the judgment of the district court should be reversed, otherwise affirmed. To determine this question, it is necessary to examine the judgment of the county court, together with the petition, the answer and the reply, upon which it is based.
The judgment and order are substantially as follows:
“Citations having been heretofore issued in this matter as prayed in said petition, directed to Cabe Durst and C-. K. Hartenstein, Esq., his attorney, requiring them to appear in open court and show cause why the prayer of said petitioners should not be granted and allowed:
“And the court having duly considered the testimony adduced, both oral and documentary, and the arguments of counsel heretofore submitted, and carefully and fully examined the written briefs filed in this matter, and being now well and fully advised in the premises, doth find as follows: •
“That it appears * * * the administrator has failed to list in the inventory filed herein as the property of the estate of said John Haenni, deceased, one certain promissory note * * * secured by deed of trust duly recorded as above shown and set forth.
*435 “Therefore, it is ordered by the court that said petition be, and the same hereby is sustained, and Gabe Durst, administrator, * * * is required to file an additional or amended inventory including the property last above named and specified, and any ahd all other property that may have come into his hands belonging to said estate.”
Section 7253, Rev. Stat., under which the proceeding arose, is substantially as follows:
“If any person interested in the estate of any deceased person complains to the county court in writing that any person * * * has in his possession or knowledge * * * any claim or demand * * * of the deceased, the said county court may cite such person to appear before it and may examine him on oath upon the matter of such complaint. If the person cited refuses to appear and submit to such examination or to answer sncli interrogatories as may be put to him touching the matter of such complaint, the court may, by warrant for that purpose, commit him to the common jail of the county, there to remain in close custody until he submits to the order of the court.”
When the appeal from the county court reached the district court, it was dismissed, and the judgment of the county court was thereby left undisturbed. • The district court dismissed the appeal for the reason that the order appealed from was to the respondent in a representative capacity, and not personally, and was merely an interlocutory order in the course of administration, and not appealable under sec. 7254, supra.
The judgment of the county court states that the administrator “has failed to list as the property Of the estate of John Haenni, deceased, one certain promissory note,” and, further, that “said petition be, and -the same hereby is, sustained, and Gabe Durst, administrator, is required to file an additional or amended inventory in- *436 eluding the property last above named and specified, and any and all other property that may come into his hands belonging to said estate.”
The petition charged that Hartenstein had in his possession a note given by Durst belonging to the estate, Durst denied that the estate had any interest in the note, and the petitioners replied, denying the new matter in Durst’s answer. On this issue the case was tried. The judgment states that the citation ran to Hartenstein and Durst. Durst answered as respondent, and not merely as administrator, and although he commences his answer in these words, ‘ ‘ Comes now, Gabe Durst, administrator of the said estate,” he does not say “as administrator.”
The judgment of the county court is, (1) that the petition is sustained. (2) That the administrator has failed to list as the property of the estate one promissory note. (3) That the administrator inventory the same as belonging to the estate. This was a final adjudication of the matters in issue, and required no further proceedings or order of the court to put it into effect. It was not a judgment or order merely requiring the administrator to inventory property admitted and conceded to be the property of the estate. It was an adjudication of the issue of ownership and an order to inventory the property as the property of the estate. If it had been a-proceeding to require the administrator to file an original inventory, or to correct, amend, or even add to, his original inventory, it would not have been brought under the statute above named. But if it had been under any other statute, and the same issues joined, and the same judgment rendered, it would have been a final judgment.
This statute was enacted for the purpose of discovering property belonging to the estate, and, incidentally, to perpetuate testimony concerning the same, and for no other purpose. — 2 Woerner on the American Law of Administration, sec. 325, p. 681.
*437 Although the issues joined and- the judgment rendered were outside the contemplation of the statute under which the proceedings arose, or of any other statute, concerning probate proceedings, and beyond the jurisdiction of the probate court, as has been distinctly held in the case of Wright v. Wright, 11 Colo. App., 470, in which case the court treated the judgment as appealable; yet, as Woerner, in his work aforesaid, says:
“If it be found that the tribunal is one competent to decide whether the -facts in any given matter confer jurisdiction, it follows with inexorable necessity that, if it decides that it has jurisdiction, then its judgments, within the scope of the subject matters over which it has authority extends, in proceedings following the lawful allegation of circumstances requiring the- exercise of its power, are conclusive against all the world, unless reversed on appeal, or avoided for error or fraud in a direct proceeding. It matters not how erroneous the judgment: being a judgment, it is the law of that case, pronounced by a tribunal created for that purpose. To allow such judgment to he questioned or ignored collaterally would he to ignore practically, and logically to destroy, the court.”- — 1 Woerner, sec. 145.
Mr. Woerner says, concerning final and interlocutory judgments of this character, after a review of the authorities :
“It is deducible from the decisions on this subject, as a general principle, applicable to most cases in the absence of statutory provisions directing otherwise, that any order, judgment, or decree of the probate court capable of being enforced, or taking effect without further order, may he appealed from; and that no action of the probate court can he appealed from which requires a subsequent order or judgment to give it effect.” — 2 Woerner, sec. 454, p. 1199.
*438 In tlie case of Clemes v. Fox, 6 Colo. App., 377, 387, it is said, concerning an order entered upon objection filed to the disallowance of a credit to himself by the administrator :
£ £ The order must be taken to be a final judgment and • conclusive upon the administrator and the claimant. It seems to come according to its effect, although possibly not by reason of its exact and appropriate terms, entirely within a well-considered class of cases which hold conclusions of this description, which in their nature and their substance are final, to be final judgments, although they do not come technically within the general definition.—Ex parte Spencer, 95 N. C., 281; Hemphill v. Collins, 117 Ill., 396; Trustees v. Greenough, 105 U. S., 527; Williams et al. v. Morgan et al., 111 U. S., 684.
££ There are many decisions of a similar nature, but these serve to illustrate the line on which the courts have proceeded. The question underlying all of the cases which consider the subject of the finality of the judgment is, did that which the court entered determine a matter' disputed between the parties so that it is no longer open to contention? We must conclude the order of the county court disallowing the item did, as between the creditors and the administrator, directly decide the legitimacy of this expenditure and the legality of the charge. When the appeal was taken to the district court as to that portion of the order, it must be accepted as an appeal from a final judgment, which gave to the district court the right to try it de novo and impart to whatever judgment it rendered the character of finality which war- - rants its review in this court. ’ ’
In Standley v. Manufacturing Co., 25 Colo., 376, 379, it is said:
££A judgment which fixes the rights of the parties in the action in which it is rendered, and leaves nothing further to be done before such rights are determined, is *439 final.—Lipe v. Fox et al., 21 Colo., 140; Dusing v. Nelson, 7 Colo., 184; Daniels v. Daniels, 9 Colo., 133. In the latter ease, the court quotes with approval from Sharon v. Sharon, 7 Pac. Rep., 456, as follows: ‘A final judgment is not necessarily the last one in an action. A judgment that is conclusive of any question in a case is final as to that question. The code provides for an appeal from a final judgment, and not from the final judgment in an action.’ So that the real test to apply is, that if the judgment pronounced is in the nature of a final one, and is such upon the question adjudicated, then it becomes such; or, otherwise stated, where the judgment pronounced is final of the rights of the parties on the questions therein involved, and settled, and separable from any other that may be rendered in the action, it is as to such questions a final judgment.— Trustees v. Greenough, 105 U. S., 527; Guarantee T. & S. D. Co. v. Phila. R. & N. E. R. Co., 38 Atl. Rep., 792; Farmers’ Loan & Trust Co., Petitioner, 129 U. S., 206.”
As the county court assumed jurisdiction to determine the right of property, decisions, holdings such judgments to be final, are quite applicable from those states that give probate courts such jurisdiction by statute. In those states, appeals are quite numerous in such matters, and the judgments are universally held final.
In Ruff v. Doyle, Admx., 56 Mo., 301, a judgment was entered in a probate court in a proceeding under a statute permitting citations against an administrator, and providing for a trial of the right of property claimed by the administrator, and allowing appeals in all cases ■ ‘ where there shall be a final decision of any matter arising under this law,” and the court held a judgment therein to be final and appealable.
In Martin v. Martin, 170 Ill., 18, a judgment was entered in a probate court, in a proceeding instituted under secs. 80 and 81, Illinois Statutes, to try the right of prop *440 erty claimed by the executrix, and on appeal by tbe petitioner to tbe' district court tbe latter court entered judgment against the executrix. She took the matter to the court of appeals, and from its judgment an appeal was taken to the supreme court. The opinion states:
“It is first contended by plaintiff in error that the motions made in the circuit court to dismiss the appeal should have been sustained, because the order of the county court appealed from was not a final order, and because the court had not acquired jurisdiction to adjudicate upon her individual rights. * * * The proceeding under these sections is to a large extent informal. No provision is made for an answer, or any pleading further than a statement on oath, and no formal particularity is required to give the court jurisdiction.—People v. Sennott, 134 Ill., 72. Plaintiff in error, against whom the amended petition was directed, did not formally answer the charge against her, but there was a hearing before the court where she was represented", and she succeeded in establishing her claim to the individual ownership of the securities. * * * The order found that the securities were not the property of the estate, but were her individual property. That was the end of the proceeding and a final determination of the issue raised by the amended petition, so far as the county court was concerned. The order was a final one, from which an appeal could be taken.”
It is contended by appellees that a different doctrine is announced in the case of Simms v. Guess, 52 Ill. App., 543, where the court held a judgment interlocutory, only, which required an administrator to-correct his inventory and add to it property that he claimed himself. This case was before the court in Martin v. Martin, supra, but not referred to in the opinion. The proceeding was upon exceptions to the original inventory, and not under such a statute as that in the case of Martin v. Martin, *441 supra, nor such, as that involved in the instant .case. The opinion is based on the statement therein that the order was “not an adjudication of the right of property.”
If the proceedings in this case had been for the purpose of requiring the administrator to file an original inventory or to correct or amend his inventory, or to require him to add to such inventory, or file an additional one including property belonging to the estate which was admitted and conceded to be the property of the estate, then, in such a proceeding, an order upon the administrator would have been interlocutory and not final, because the right of property would not have been determined, and it would have been such an order as the district court in this case considered the county court had made; but an examination of the petition, the_individual answer of the respondent Durst, the reply thereto, and the judgment entered, discloses an entirely different proceeding. And even if the county court had done nothing more than to merely order the administrator to file the amended inventory and 'to include the property in dispute, it would still have been a final order, because, as a pondition precedent to making such an order, the court would have been compelled to determine the right of property. The issues were joined against Durst in his individual capacity as well as in his representative capacity, as very plainly appears from his answer and from the evidence introduced.'
Appellees claim the petition asked only that the note be inventoried, but, as was done by the amended petition in the Martin v. Martin case, the answer of Durst, in this case, as respondent, denying the ownership by the estate, made a different issue, a different issue was tried, and a judgment was entered on the issue that was tried.
In May v. Leighty, 36 Ill. App., 1, relied upon by appellees, the court said:
*442 “In connection with these notes as listed in the inventory, there is this statement made by the administrator : ‘These notes the payors insist they are not liable for as the same were not to be paid unless demanded by payee in his lifetime. ’ It is not claimed that this or anything of like import appears on the notes or in any way attached to them. * * *
“The administrator, prima facie at least, owed the estate four notes, which he had inventoried. When he made his report, he credited himself with these four notes, claiming he was not liable to pay them. The county court, instead of disallowing the credit as it should have done, adopted the anomalous proceeding of entertaining an exception to the credit by some of the heirs, and proceeded to try the question of the liability of appellant on these notes upon a hearing of such exception. * * *
“Where a. claim against the administrator has been-inventoried, and he becomes prima facie chargeable with the amount of the demand, upon his petition, the county or probate court would be justified in appointing some competent person administrator pro tern., with authority to bring suit against the administrator as an individual, and prosecute it to final judgment. * * *
“The proceeding that was had in this case did not admit of any written pleadings and formation of defined legal issues. The issue that was sought to be made was not the real issue tried. The only direct issue sought to be made was whether May, as administrator, was entitled to a credit for the amount of his notes, which was not a question to be submitted to a jury, while the real issue was his liability, as an individual, upon these notes to the estate, which was an issue triable by jury.
“The judgment of the circuit court was much broader than the only issue which could be legally evolved out of the case as it was presented would warrant.
.“The judgment of the circuit court is reversed, and *443 tlie cause remanded to tlie circuit court with directions to reverse the action of the county court and direct the county court to disallow the credit claimed by the administrator and appoint an administrator pro tem. to bring suit against Warren May on the four notes and prosecute the same to final judgment.”
In the case of Wright v. Wright, supra, the court concludes that any attempt on the part of the probate court in this state, in proceedings of this character, to pass upon the right, or ownership, of property and to require property to be inventoried about which there is a dispute as to the ownership, is clearly outside and beyond the jurisdiction of such court; but this in no way interferes with the conclusion upon the question as to whether a judgment in such an instance is final or interlocutory, because the judgment was in fact entered, whether the court exceeded its jurisdiction in entering it or not.
In Wright v. Wright, supra, a citation was issued upon a petition, requiring a surviving partner of an intestate to show cause why he should not make an inventory and file a statement of the partnership affairs, under a statute similar in character and purpose to sec. 7253, supra. He appeared and denied that a partnership existed, and moved for a dismissal on the ground that the court had no jurisdiction, to try the- issue as to the existence of a partnership. The motion was overruled, and the court, on petitioner’s evidence alone, found that a partnership existed, and ordered the inventory and statement to be made. On appeal to the district court, the same order was.made. On appeal to the court of appeals, it was decided that “a county court, sitting for the transaction of probate business, was without power and authority to determine the rights of the parties in the manner attempted,” and held that the statute under which *444 the proceeding arose applied only to a partnership that was admitted and conceded, and the court said:
“We conclude therefore that the probate court was without power or authority to try and determine the question of the existence of the partnership alleged, and it must be, of course, conceded that if such was the case, the district court was also without jurisdiction.
“In view of the fact that the final settlement of this estate cannot probably be had until the rights attempted to be adjudicated in these proceedings are determined, we suggest in the interest of a speedy termination of litigation, which is important in the administration of estates of deceased persons, that the proper practice would be to have first settled the question whether or not the alleged partnership did exist. This should be done by a suit in equity, to which all necessary persons in interest should be made parties and brought into court. If the question should be decided in the affirmative, then the interest of the decedent in the partnership would also be ascertained and determined, and thereafter the administratrix might if necessary avail herself of the provisions of the,special statutes of 1885, above referred to.”
It is therefore determined that when the note and deed of trust were turned over to the court by Iiartenstein, and the ownership thereof by the estate was denied by Durst, the purpose of the proceeding was fulfilled, and the respondent should have been discharged, and some discreet person appointed and directed to take charge of the note and deed of trust, and to enter an action in a court of competent jurisdiction against Durst to determine the validity of the note and deed of trust, the ownership thereof, and the amount due, if anything, thereupon; and thereafter, if such action were successful, the judgment or the amount recovered could be inventoried as the property of the estate.
*445 The judgment of tlie district court is therefore reversed, with directions to discharge the respondent at the cost of the estate, and for further proceedings in the county court within its jurisdiction.

Reversed, With Directions.

King and Hurlbut, JJ.,. concur. Cunningham, P. J., dissents.